TYSON, Judge.
Paul William Howington, Jr., was indicted for the murder of Gary Wayne Garren, in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant guilty of the lesser included offense of manslaughter, and he was sentenced to 20 years’ imprisonment in the penitentiary.
I
During the direct examination of the appellant’s girlfriend, she referred to an argument that she and the appellant had had the night before the victim was killed. The following occurred during her testimony:
“A. We got to his [the appellant’s] house and he was drunk, he had passed out for a while and he woke back up and told me if I didn’t want the same thing I got before that I better get out of there. “Q. Did you know what he was talking about?
“A. Yes.
“Q. What was this same thing you had gotten before?
“A. He had beat me up before.
“MR. GLADDEN: I object, Your Honor, I don’t believe this has any relevance whatsoever to this case and I move at this time for a mistrial.
“MR. MORGAN: Judge, I believe we can show the relevance.
“THE COURT: Ladies and gentlemen, I’m going to ask you to disregard the answer of the witness as to some prior incident that may or may not have occurred, you are to strike that from your deliberations in this case and not to consider it.” (R. 39.)
The appellant contends that the trial judge erred by not granting his request for a mistrial. We disagree.
“When, as here, a trial court immediately charges the jury to disregard improper remarks, there is a prima facie presumption against error. Where a trial court acts promptly to impress upon the jury that improper questions are to be disregarded by them in their deliberations, the prejudicial effects of such remarks are removed.” (Citations omitted.)
Woods v. State, 460 So.2d 291, 295 (Ala.Crim.App.1984).
Here, the trial judge promptly instructed the jury to disregard the witness’s answer. The subject matter of her answer was not so prejudicial that it could not be eradicated from the jury’s mind. See Garnett v. State, 555 So.2d 1153 (Ala.Crim.App.1989) (and cases cited therein). Furthermore, there is no adverse ruling before this court, since the appellant did not request any further curative action after the trial judge instructed the jury to disregard the wit *353 ness’s answer. Lauderdale v. State, 555 So.2d 799 (Ala.Crim.App.1989).
II
The following occurred during the prosecutor’s closing argument:
“MR. GLADDEN: Your Honor, at this point I will object to that portion of the argument in which Mr. Morgan says the defendant in a murder case might get up on the witness stand and tell a lie, I think that’s very improper to tell this jury.
“THE COURT: Overruled.” (R. 231.)
The appellant asserts that the prosecutor’s comment to the jury was an improper expression of the personal opinion of the prosecutor with regard to the appellant’s guilt.
“In order to predicate error on prejudicial comments of the prosecutor, counsel must either have the court reporter transcribe the statements objected to into the record or else state the substance of the statement or comment into the record in sufficient detail that this court can comprehend what was said.”
Redus v. State, 398 So.2d 757, 761 (Ala.Crim.App.), cert. denied, 398 So.2d 762 (Ala.1981) (citations omitted.)
Here, the prosecutor’s comment was not set out with sufficient clarity to allow us to determine exactly what was said by the prosecutor or in what context the remark was made. Thus, we cannot say that the trial judge erred by overruling the appellant’s objection to the prosecutor’s remark. See Graffeo v. State, 412 So.2d 312 (Ala.Crim.App.1982); Bethune v. State, 542 So.2d 332 (Ala.Crim.App.1989).
III
The appellant asserts that the trial judge “made three critical errors of law” during the oral charge to the jury. After the court’s oral charge, the following occurred:
“MR. GLADDEN: Your Honor, I only have one exception, and I would have two more requests for short charges. The exception would be to that part of the charge on the credibility of witnesses in which you stated you may determine who was lying and who was not lying, we would object to that portion of the oral charge. I would ask that you recharge concerning the unanimity of the verdict and also on the verdict of not guilty.” (R. 253-54.)
In response to defense counsel’s objection, the judge gave additional instructions to the jury. Defense counsel did not make any objections to these additional instructions nor did he request further instructions. Therefore, there is no adverse ruling for this court to review. Moore v. State, 457 So.2d 981 (Ala.Crim.App.1984).
IV
The following occurred during the sentence hearing in this case:
“THE COURT: Let me explain to you the process that we have gone through so far. I had asked my probation officer on all of the cases that I had that involved allegations of a crime of violence or drug cases prior to the docket setting to prepare pre-sentence investigation reports on those defendants, and that was not to look at that information before the trial, but to have that information available because of the load that the probation officer has, we had 6 weeks during the summer where there were no court trials and the district attorney’s office and the different court personnel were at seminars, and so forth, and the probation officer didn’t have any assignments so I asked him for the upcoming docket, and that included yours, to do that for me while he had some down time. So he has done that and I have now looked at that pre-sentence investigation report, but the report that he had did not have any input from you, or at least I felt like the input was not sufficient. So he has gone back and given me three additional pages that are a supplement and I have considered that with your attorney and a representative from the district attorney’s office and with my probation officer.” (R. 261.)
The appellant contends that the trial judge was biased because he had access to *354 the presentence report prior to the trial of this case. We are not aware of any authority which prohibits the trial judge from having access to the pre-sentence report prior to trial. Neither Section 13A-5-5, Code of Alabama 1975 (presentence investigation), nor Rule 3, A.R.Crim.P.Temp. (pre-sentence report), state that the presentence report must be conducted after the trial.
Although the record indicates that the presentence report was available to the trial judge prior to trial, we do not see any evidence that the appellant was prejudiced by - this fact, since the record as set out above indicates that the trial judge did not read the presentence report until after the trial. Therefore, we find no merit to this issue.
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.