This is an appeal from the denial of a petition for post-conviction relief. Lawrence Jamison Smith, the petitioner-appellant, pleaded guilty in May 1982 to assault in the first degree and was sentenced to four years' imprisonment. Although the petitioner challenges the voluntariness of his guilty plea, the record of the guilty plea proceedings, which has been filed as a supplemental record on appeal, supports a finding of voluntariness.
The circuit court denied the petition solely on the basis of the preclusion provisions of Rule 20.2, A.R.Crim.P.Temp. (now Rule 32.2, A.R.Crim.P.). A minute entry contained in the record indicates that an evidentiary hearing was held in the circuit court before the petition was denied. The record on appeal, however, contains no transcript of such a hearing. On this appeal, the attorney general has filed a "motion to remand cause for entry of specific findings of fact."
Under the circumstances presented here, the motion of the attorney general has merit. If an evidentiary hearing was held, the circuit court is required to make specific findings of fact relating to each material issue of fact presented. Rule 20.9(d), A.R.Crim.P.Temp. (now Rule 32.9(d), A.R.Crim.P.). Furthermore, the petitioner is entitled to notice of the specific ground of preclusion upon which the circuit court relied in dismissing the petition. See Ex parte Rice,565 So.2d 606, 607 (Ala. 1990).
Therefore, this cause is remanded to the circuit court with instructions that that court set forth the specific ground or grounds of preclusion upon which it relied in dismissing the petition for post-conviction relief. If an evidentiary hearing was held, the circuit court is further directed to comply with the provisions of Rule 20.9(d), A.R.Crim.P.Temp. Written return shall be made to this Court within 30 days from the date of this order.
REMANDED WITH INSTRUCTIONS.
All Judges concur.