McMILLAN, Judge.
This is an appeal from the denial of the petitioner’s Rule 32, A.R.Cr.P., petition.
The petitioner’s underlying conviction for manslaughter, in violation of § 13A-6-3, Code of Alabama 1975, was affirmed by this court in Howington v. State, 568 So.2d 351 (Ala.Cr.App.1990). The petitioner then filed this petition stating the following grounds for relief: (1) that his conviction was obtained by the alleged failure of the prosecution to disclose exculpatory evidence; (2) that he was denied effective assistance of counsel; (3) that the trial court improperly charged the jury; (4) that the trial court erred in requesting a presentenee investigation before trial; (5) that the trial court erred in denying his motion for a mistrial based on statements made by a state’s witness; and (6) that the trial court in allowing the prosecutor to make an improper comment during closing argument.
An evidentiary hearing was held on the petition, at which the petitioner, his trial counsel, and his probation officer testified. The trial court held that the petitioner was precluded from raising the above claims; Rule 32.2(a)(4), (5), A.R.Cr.P. The trial court held that claims 3, 4, 5, and 6 had been raised on direct appeal. The trial court further held that claims 1 and 2 were precluded because they could have been but were not addressed on direct appeal. We disagree with the trial court’s finding that petitioner’s “ineffective assistance” claim (Claim 2) is precluded from review.
An examination of the record reveals that the petitioner had the same attorney at trial and on appeal. Because it is unrealistic to think that trial counsel will assert his own ineffectiveness on appeal, petitioner’s claim is not precluded pursuant to Rule 32.2(a)(4) and (5), A.R.Cr.P. Compare Ex parte Jackson, 598 So.2d 895 (Ala.1992). Although the trial court denied this petition after a hearing “to determine disputed issues of material fact,” pursuant to Rule 32.9(a), A.R.Cr.P., it failed to make specific findings of fact, pursuant to Rule 32.9(d), A.R.Cr.P., on the “ineffective assistance” claim. See Jackson v. State, 572 So.2d 1321 (Ala.Cr.App.1990).
For the foregoing reasons, this case is remanded to the trial court for further proceedings under Rule 32.9(d), A.R.Cr.P. Those findings are to be returned to this court within 45 days from release of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.