ON RETURN TO REMAND

McMillan, judge.
We remanded this cause to the Circuit Court of Madison County for that court, pursuant to Rule 32.9(d), AR.Cr.P., to make specific findings of fact from the hearing resulting in the trial court’s denial of the petitioner’s ineffective assistance of counsel claim raised in his Rule 32 petition. Rule 32.9(a), A.R.Cr.P.
The trial court has filed its return with the following specific findings:
“1. This matter having previously been presented to this court by a hearing on November 8, 1991, and continued on November 12, 1991, and the issue of the allegation of ineffective assistance of counsel having been one of the matters entertained by the court, and the court having reviewed the transcript of the hearings, finds as follows:
“a. The petitioner claims that his attorney ... was not prepared to try his case due to the fact that [he] had tried a capital murder case earlier in that same week. As to this contention, the Court finds no merit for the following reasons.
“[Petitioner’s attorney] testified that he was prepared for trial. The case was over a year old when it was tried. During that time, [he] had full discovery, including the knowledge that the witness, Roach, was incarcerated in Texas. [Petitioner’s attorney] testified that he was physically tired, but he was given an opportunity to “recover” over the weekend as the case ran into the following week. (See trial record, pp. 30 and 112 which shows that [petitioner’s attorney] was allowed Friday through Monday at 1:00 p.m. to ‘recover’).
“As to the issue that the attorney for the petitioner was not prepared, the court finds that indeed the attorney was prepared and presented the ease for the petitioner fairly, accurately and without any of the alleged detriment to the petitioner. (See also record on Rule 32 petition at 58, where [petitioner’s attorney] stated that he did the best he could for the petitioner and he was not aware of anything that he did not do for the petitioner during his trial.)
“b. The petitioner further claims that his counsel was ineffective in that he did not make a ‘severe’ issue out of the prosecutor’s alleged failure to deliver information concerning the witness Roach’s prior *1075 record. Based on the evidence from the actual trial and the testimony from the hearing on the Rule 32 petition, the court finds that there is no merit to this claim.
“To the contrary, the facts show that the attorney for the petitioner did object to not having been provided with the witness’ record, made an issue of the witness’ record as is supported by the record at page 98 where the attorney for the petitioner was allowed to cross-examine the witness as to his prior convictions and the court ruled that such was not admissible. This court finds that the attorney was zealously pursuing the rights of this defendant with regard to this matter of inquiry. It finds no evidence that the attorney for the petitioner did not make a severe issue of the matter in the trial. In that regard, the petitioner has failed on the merits of this claim.
“c. The petitioner also claims that [his attorney] did not make an issue of the court’s alleged ‘repeated mistakes.’ The court finds that as to that claim the petitioner has failed to prove such an allegation and the facts are to the contrary.
“The facts elicited through testimony at the hearing on this cause and the brief submitted by the attorney for the petitioner to the Court of Criminal Appeals on behalf of this petitioner show that the attorney for the petitioner objected throughout the trial to rulings made by this court and during the charge to the jury. The court finds that the attorney went so far as to make certain of these rulings and charges issued in his brief, a copy of which is attached hereto as Exhibit ‘A.’
“The attorney is further alleged to have not protected the record when the prosecutor was alleged to have made statements concerning witnesses lying. To the contrary, the record shows that the attorney for the petitioner presented the error to the court when he objected, and later reasserted his objection to the point that the court recharged the jury concerning the credibility of the witnesses. This was hardly ineffective. It was, in fact, protecting the petitioner and insisting that the court cure any intimation that a witness might have lied.
“2. After a review of the transcript of the trial and a review of the transcript of the hearing held on the issues concerning the petitioner’s Rule 32 claims, including the issue of ineffective assistance of counsel, this court finds that the petitioner has failed to prove any facts to support his contention of the ineffective assistance of counsel in this cause pursuant to the standard set forth in Strickland v. Washington, 466 U.S. 668, 686, 687 [104 S.Ct. 2052, 2063, 2064, 80 L.Ed.2d 674] (1984), and Williams v. State, 480 So.2d 1265 (Ala.Crim.App.1985).”
After reviewing the record, we accept the trial court’s findings as correct. Because the petitioner’s claim is not supported by the evidence, the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.