On Return to Remand

TAYLOR, Judge.
The appellant, Darius Chambers, appealed from the denial of his petition for post-eon-vietion relief filed pursuant to Rule 32, A.R.Crim.P. We remanded this cause so that the trial court could make specific findings of fact concerning the allegations raised by the appellant in his petition. Chambers v. State, 627 So.2d 1100 (Ala.Cr.App.1993). The trial court has complied with our directions and has filed with this court its detailed findings.
The following issues were raised in the appellant’s petition. The appellant argued that his guilty plea was not voluntary, that the prosecution failed to disclose exculpatory material, that the grand jury that returned the indictment against him was tainted, that newly discovered evidence existed, which warranted new proceedings, and that the failure to perfect a direct appeal from the guilty plea was through no fault of his own.
The trial court found that the appellant’s plea was voluntary, that the state fully disclosed any exculpatory material, and that there was no newly discovered evidence. The court further found that there had been a question concerning the jury box from which members of the grand jury were drawn. The court’s order notes that the testimony revealed that the appellant was fully aware of the question and that the appellant’s attorney advised him at that time that he could possibly quash the indictment. However, the appellant did not move to quash the indictment, but instead pleaded guilty to charges of sodomy, fully aware of the ramifications of his plea. Last, the court found that the appellant presented no evidence of the “failure to appeal and the court finds no grounds for relief herein.”
A review of the transcript of the evidentia-ry hearing and the findings of the trial court show that the court correctly denied the petition because the appellant failed to present any grounds which warranted relief. The denial of the petition is due to be affirmed.
AFFIRMED.
All the Judges concur.