ON RETURN TO REMAND ON APPLICATION FOR REHEARING

TAYLOR, Judge.
This court’s opinion of April 16, 1993, on return to remand .is hereby withdrawn and the following opinion is substituted therefor.
The appellant, Michael Angelo Nicastro, appealed from the denial of three petitions for post-conviction relief filed pursuant to Rule 32, A.R.Crim.P. We remanded this cause so that the circuit court could conduct an evidentiary hearing on the appellant’s allegation that he had not been given notice of the specific prior convictions the state intended to use for purposes of applying the Habitual Felony Offender Act. Nicastro v. State, 624 So.2d 665 (Ala.Cr.App.1992). The trial court complied with our directions and held a hearing. However, that court made no specific findings concerning the appellant’s allegation, and on return to remand we again remanded the cause to the Circuit Court for Jefferson County. Nicastro v. State, 624 So.2d 667 (Ala.Cr.App.1993).
The circuit court has now complied with our directions and filed with this court its finding that the appellant was “apprised pri- or to entering his plea which three prior convictions the State would prove to enhance [his] sentence.” The trial court found that based on the testimony presented at the hearing, there was no doubt that the appellant was notified of the specific prior convictions on which the state intended to rely for application of the Habitual Felony Offender Act.
In our original opinion, we were compelled to find that an objection was not necessary to reach the issue of whether the appellant was given notice of the specific prior convictions. We held that this issue was jurisdictional and was not subject to being waived for failure to raise it in the court below. We relied on the Alabama Supreme Court’s decisions in Connolly v. State, 602 So.2d 452 (Ala.Cr.App. *669 1992), and Ex parte Brannon, 547 So.2d 68 (Ala.1989).
Recently this court in Nicholas v. State, [Ms. CR-92-301, May 7, 1993] — So.2d - (Ala.Cr.App.1993), overruled our original holding in Nicastro. Judge Bowen, after a careful review of the relevant case law and statutes, found that the notice requirement was a “procedural requirement” and is subject to waiver if no objection is made.
Had this been a rehearing on our original decision released on July 24, 1992, we would be compelled to hold, in light of Nicholas, that the appellant had waived the notice requirement. However, because the hearing has already been held and the trial court determined that the appellant’s allegations were false, no further action is necessary.
The appellant’s petition was correctly denied; the judgment of the trial court is affirmed.
OPINION WITHDRAWN;
OPINION SUBSTITUTED; AFFIRMED;
RULE 39(k) MOTIONS' DENIED;
APPLICATIONS FOR REHEARING OVERRULED;
All the Judges concur.