This Court granted Billy Lewayne Walker's petition for a writ of certiorari to review the affirmance by the Court of Criminal Appeals of the denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. The two principal issues presented in the petition for certiorari review are 1) whether the decision of the Court of Criminal Appeals conflicts with other decisions in holding that Walker's counsel on original appeal was not ineffective in failing to raise any issue as to hearsay testimony admitted at trial and 2) whether the affirmance conflicts with other decisions in holding that the order denying the Rule 32 petition was not deficient in its failure to make specific findings of fact on Walker's claims of ineffective assistance of counsel.
After this Court granted the certiorari petition, Walker's counsel filed a motion "to suspend the rules of appellate procedure and to remand this cause to the circuit court" (hereinafter "the motion to remand"). According to this motion, Walker's present *Page 199 
counsel had just learned that, before the appeal was filed from the denial of the Rule 32 petition, Walker had filed a pro se motion styled " 'Emergency Motion' for Suspension of Rules under Rule 2(b), Rules of Appellate Procedure," which was in substance a motion to submit additional evidence in support of the Rule 32 petition. The motion to remand shows that Walker's "Emergency Motion" was not included in the record on appeal and that it was erroneously docketed on the case action summary sheet for the case involving Walker's original prosecution rather than the case action summary sheet for the case involving his Rule 32 petition. Further, as the motion to remand points out, the case action summary sheet from the original prosecution shows that, after Walker filed his "Emergency Motion," the circuit court entered the following order:
 "Emergency Motion For Suspension of Rules under Rule 2(b), Rules of Appellate Procedure filed by defendant, August 19th, 1992 — Motion previously GRANTED. Rule 32 was denied 8/7/92."
This order was entered in the case action summary of the original prosecution on September 1, 1992. The notice of appeal had been filed on August 25, 1992, and noted on the case action summary for the case involving the Rule 32 petition. Both case action summaries are in the record on appeal, but Walker's attorney states in the motion to remand that he did not understand the import of the "Emergency Motion" because of its nondescriptive title and because no copy of it was in the record. The motion to remand asks that the cause now be remanded for further proceedings in the circuit court in accordance with the order granting the "Emergency Motion."
We note that a trial court ordinarily has no jurisdiction over a case after an appeal has been taken. Ex parte Pugh,441 So.2d 126 (Ala. 1983); Rose v. State, 598 So.2d 1040
(Ala.Crim.App. 1992). However, in a criminal case, a motion for new trial filed within 30 days after conviction or sentence is not waived by a notice of appeal, "regardless of the sequence in which the notice of appeal and the motion are filed." Melvin v. State,583 So.2d 1365, 1367 (Ala.Crim.App.), on return to remand,588 So.2d 939 (Ala.Crim.App. 1991); see Ala. Code 1975, §12-22-133; Rule 4(b)(1), Ala.R.App.P.; and Rule 24, Ala.R.Crim.P. (formerly Temporary Rule 13). In Melvin v. State, the Court of Criminal Appeals extended this principle to apply to a motion to amend sentence, even though no such motion was mentioned in Temporary Rule 13. While we do not necessarily hold that the principle extends to all motions filed within 30 days after a denial of a Rule 32 petition, we decline to hold that the circuit court's order granting the "Emergency Motion" was a nullity because a notice of appeal was filed before the court granted that motion. The motion was filed pro se, was not properly docketed, and was filed less than 14 days after the denial of the Rule 32 petition. Walker's attorney filed the notice of appeal with no knowledge or notice that Walker had filed the "Emergency Motion." The notice of appeal was filed on August 25, and the circuit court seems to have granted the motion on September 1. Under these circumstances, we apply the principle by which a motion for new trial in a criminal case is within the circuit court's jurisdiction when filed within 30 days after judgment or sentence even if a notice of appeal is also filed. Thus, we will not deny the motion to remand simply because the "Emergency Motion" was granted after the notice of appeal was filed.
Before ruling on the motion to remand, however, we have reviewed the transcript of the hearing on the Rule 32 petition. The petition itself did not include an allegation of ineffective assistance of counsel. However, the circuit court allowed Walker to orally amend the petition during the hearing to allege ineffective assistance. Walker then presented evidence on several claims of ineffective assistance of counsel, including failure to call witnesses to rebut the testimony of a prosecution witness, failure to impeach a prosecution witness, failure to raise on appeal any issue as to certain hearsay testimony that was admitted, and failure to adequately communicate with the client prior to trial.
Perhaps the most significant of these issues, as we view the record, concerned rebuttal testimony by Susan Willard on behalf of *Page 200 
the State. Willard gave damaging testimony as to certain statements allegedly made to her by Walker. Walker's counsel did not object on the ground that the State had not produced this alleged statement by Walker in response to an order of production. Furthermore, the Rule 32 petition shows that several witnesses were available to testify that they witnessed the exchange between Walker and Willard, and these witnesses' version of the exchange was very favorable to the defense and would have substantially impeached Willard's testimony. Walker's attorney admitted at the Rule 32 hearing that he was aware of at least one of these witnesses, but he did not call her to rebut Willard's testimony. These facts were substantially set out in the Rule 32 petition, although they were not cast in terms of an ineffective assistance claim; indeed, the witnesses in question gave affidavits in support of the petition. These matters were developed at the hearing on the Rule 32 petition, with testimony from two of the witnesses in question. Because the circuit court did not make findings of fact, it is difficult to determine whether there is any merit to this or any of Walker's other allegations of ineffective assistance.
The circuit court, in denying the Rule 32 motion, made no findings of fact. Rule 32.9(d) provides that, when the court has held a hearing on a Rule 32 petition, "The court shall make specific findings of fact relating to each material issue of fact presented." The Court of Criminal Appeals has frequently remanded causes for circuit courts to make specific findings of fact pursuant to this provision. Chambers v. State,627 So.2d 1100 (Ala.Crim.App.), on return to remand, 627 So.2d 1101
(Ala.Crim.App. 1993); Howington v. State, 627 So.2d 1073
(Ala.Crim.App. 1992), on return to remand, 627 So.2d 1074
(Ala.Crim.App. 1993); Nicastro v. State, 624 So.2d 667
(Ala.Crim.App.), on return to remand, 624 So.2d 668
(Ala.Crim.App. 1993); Montgomery v. State, 624 So.2d 665
(Ala.Crim.App. 1992); Smith v. State, 598 So.2d 1009 (Ala.Crim.App.), on return to remand, 598 So.2d 1010 (Ala.Crim.App. 1991); Whitev. State, 574 So.2d 1015 (Ala.Crim.App. 1990); Jackson v.State, 572 So.2d 1321 (Ala.Crim.App. 1990); Saffold v. State,563 So.2d 1074 (Ala.Crim.App. 1990); Smoot v. State,555 So.2d 307 (Ala.Crim.App. 1989).
In this case, the Court of Criminal Appeals declined to remand for the circuit court to enter findings of fact, stating in its unpublished memorandum: "As the sole issue the appellant presented to the trial court in orally amending his original petition was a general claim of ineffective assistance of counsel, the findings of the trial court were proper." However, Walker argues that the specific issues referred to above were in fact presented to the circuit court because evidence regarding them was admitted; he emphasizes that Rule 32.9(d) requires "specific findings of fact relating to each material issue of fact presented." We agree that specific issues were presented at the hearing, and we cannot say that these issues were obviously without merit.
Under the circumstances of this case, we hold that the cause is due to be remanded for the circuit court to make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P. We therefore remand the cause to the Court of Criminal Appeals for it to issue an order of remand. We take this action upon the petition for writ of certiorari, not upon the motion to remand for further evidentiary proceedings pursuant to Walker's pro se "Emergency Motion." The motion to remand is denied as moot. If on remand the circuit court deems further proceedings necessary or appropriate, it may take further evidence. If it chooses not to take further evidence, an explanation of the September 1 order that appears to grant Walker's "Emergency Motion" would be appropriate for inclusion with the findings of fact herein ordered.
MOTION DENIED; REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur. *Page 201