MONTIEL, Judge.
Billy Fred Wiggins, the appellant, pleaded guilty to trafficking in cocaine, a violation of § 13A-12-231, Code of Alabama 1975. He was sentenced to 15 years’ imprisonment, and was ordered to serve a mandatory minimum sentence of 3 years as required by statute. The appellant did not appeal, but filed a Rule 32, AR.Crim.P., petition alleging that his guilty plea was not voluntarily entered and that his trial counsel was ineffective. Following an evidentiary hearing, the trial court denied the appellant’s petition with the following entry in the case action summary:
“November 18, 1993' — Upon hearing the testimony the Court finds that Petitioner’s allegations as to the failure of the prosecution to disclose evidence favorable to the Defendant and the denial of effective assistance of counsel was without merit. Accordingly, Petitioner’s Rule 32 Petition is hereby denied. Clerk to notify.” (Signed by the trial judge). (C. 1).
Rule 32.9(d), AR.Crim.P., states: “The court shall make specific findings of fact relating to each material issue of fact presented.” The trial court’s order denying the appellant’s Rule 32 petition does not make sufficiently specific findings of fact as to the issues raised at the hearing as required by the rule. “Furthermore, the petitioner is entitled to notice of the specific ground of preclusion upon which the circuit court relied in [denying] the petition. See Ex parte Rice, 565 So.2d 606, 607 (Ala.1990).” Smith v. State, 598 So.2d 1009, 1010 (Ala.Crim.App.1991).
Therefore, we remand this cause to the Houston Circuit Court so that it may comply with Rule 32.9(d), AR.Crim.P. Specifically, the court’s findings should address the appellant’s claims of ineffective assistance of counsel and its return to this court should include documents and relevant portions of the record, if any, showing the disclosure, to the appellant, of the possible minimum and maximum sentence and any other documents and parts of the record, if any, relating to the voluntariness of the guilty plea. Due return should be made to this court within 28 days of this opinion.
*1128 REMANDED WITH DIRECTIONS*
Ail the Judges concur.

 Note from the reporter of decisions: On December 29, 1994, the Court of Criminal Appeals dismissed this appeal on motion of the appellant.