The appellant, Terry Bland, was convicted of murder and was sentenced as a habitual offender to life imprisonment without parole. His conviction was affirmed by this Court on appeal.601 So.2d 521. He subsequently filed a Rule 32, Ala.R.Cr.P., petition on the following grounds: (1) that the confession had been coerced, (2) that the arrest was unlawful, (3) that the prosecution had failed to disclose favorable evidence, (4) that his counsel had been ineffective, (5) that his sentence was unauthorized and (6) that newly discovered material facts existed. The State responded as follows: (1) that the coerced confession claim was precluded because it had been raised and addressed on appeal; (2) that the unlawful arrest claim was merely conclusory and therefore failed to state a claim and was further precluded because it could have been, but was not, raised at trial or on appeal; (3) that the failure to disclose claim also was merely conclusory and was precluded because it was raised on appeal; (4) that the unauthorized sentence claim was precluded because sentencing issues were addressed on a return to remand by this Court; and (5) that the newly discovered material facts claim failed to state a claim for which relief could be granted. The State requested a hearing on the appellant's claims of ineffective assistance of counsel. At the hearing, *Page 460 
the State reiterated its position that all of the appellant's other claims were precluded. The trial court responded, "[O]kay," and then proceeded to hear evidence only on the ineffective assistance claim. Following the hearing, the trial court denied the appellant's petition, finding that "the Petitioner failed to prove the allegations contained in his petition."
On appeal, the appellant addresses only the claims relating to ineffective assistance of counsel; however, he presents numerous arguments in support of these claims. The appellant's petition to the trial court contained approximately four pages pertaining to his ineffectiveness claims, concerning which both the appellant and his trial counsel testified at the evidentiary hearing. However, the order of the trial court does not specify which claims its order of denial encompasses, nor does it make specific findings of fact with regard to each of these claims.
In Ex parte Walker, 652 So.2d 198 (Ala. 1994), the Alabama Supreme Court held that, when an appellant presents several claims of ineffective assistance of counsel at an evidentiary hearing and the trial court fails to make the specific findings of facts required by Rule 32.9(d), Ala.R.Cr.P., with regard to each of them, remand for the entry of such findings is required. Therefore, this cause must be remanded to the trial court, with instructions to enter specific findings of fact with regard to each of the appellant's claims of ineffective assistance of counsel. On remand, the trial court may conduct such further proceedings or consider such other evidence as it deems necessary. A return should be filed with this Court within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.