On Return to Remand

McMILLAN, Judge.
This cause was remanded for further proceedings consistent with the opinion of the Alabama Supreme Court in Ex parte Walker, 652 So.2d 198 (Ala.1994). The trial court has now filed its return, which states that, on remand, this cause was re-assigned to a new judge, due to the retirement of the original judge. That judge conducted 5 days of hearings and allowed the appellant to add to and to modify his original claims for relief. He then issued an extensive order, in which he granted the appellant’s Rule 32, Ala.R.Crim. P., petition, set aside the conviction and sentence, and granted the appellant a new trial. The judge found that the appellant’s counsel had been ineffective, on the following grounds: (1) He had failed to elicit evidence that witness Tonya Walker observed a State’s witness coaching the child victim about identifying the appellant, despite her telling him about it at the first break after her observation; (2) he failed to adequately cross-examine the State’s witness, Martha Salter, with regard to her alleged coaching of the victim to identify the victim by his clothing and by his location in the courtroom; (3) he failed to object to the testimony of State’s rebuttal witness Susan Willard regarding a statement allegedly made by the appellant to her,[1] although the statement was not furnished, as ordered, in discovery;[2] (4) he failed to adequately raise the State’s failure to prove venue in his motion for a judgment of acquittal or on appeal from the denial of the motion; and (5) he failed to preserve the appellant’s right to a unanimous jury verdict when he did not object to a juror’s failure to respond personally during the polling of the jury.[3] The trial judge found that the appellant’s remaining claims of ineffective assistance of counsel were meritless.
A review of the record reveals that the issues of identity and credibility were particularly important in the present ease. As the trial court noted in its order granting the petition:
“The ineffectiveness of Walker’s counsel is best examined in the context of the feeble trial testimony of the complaining [child] witness ..., who supplied the only evidence of sodomy against Walker. The frailties of this evidence generate great odds that Walker’s conviction and unsuccessful direct appeal resulted from the failures by his lawyer.... ”
Under the circumstances of this case, the first three grounds set out by the trial court were sufficient to establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, with regard to the fourth claim, the State presumably could have proven venue through the testimony of the victim’s mother, because she filed the original complaint and could have *172 been questioned regarding this matter at trial.[4] Therefore, although counsel’s failure to object may have constituted deficient performance, it probably did not affect the outcome of the proceeding. With regard to the unanimous verdict claim, the nonresponsive juror served as the jury foreman, and he thereafter announced that the verdict of the panel was unanimous. Therefore, although the failure by the appellant’s counsel to object may have constituted a deficient performance, it probably did not affect the outcome of the trial.
The trial court’s granting of the appellant’s Rule 32, Ala.R.Cr.P., petition is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.

.Willard stated that the appellant told her that the victim and her mother would never testify against him and that, if the mother went to prison for helping him, that was her problem. She further stated that the appellant was “laughing and snickering” and that he referred to the State's lawyers as being “stupid.”

. The appellant also contends that, had he known of the statement, several witnesses could have impeached Willard's testimony.

. The transcript reflects that the trial judge first asked Juror B., “[I]s this your verdict?” and B. responded, "Yes.” The judge then asked Juror *172 C. the same question and, according to the transcript, "Juror B." then responded, "It is.”

. The appellant contends only that venue in Mobile County was unproven, not that it was improper.