WISE, Judge.
Jon Frederick Lewis appeals from the circuit court’s denial of his Rule 32, Ala. R.Crim.P., petition for postconviction relief, in which he attacked his 1997 conviction for first-degree assault, see § 13A-6-20, Ala.Code 1975, and his sentence of 20 years’ imprisonment. We affirmed Lewis’s conviction on direct appeal, without an opinion. Lewis v. State, 711 So.2d 1132 (Ala.Crim.App.1997).
On January 30, 2000, Lewis filed this Rule 32 petition, wherein he alleged (1) that the trial court had given erroneous jury instructions, creating a fatal variance between the indictment and the court’s oral charge; (2) that the trial court had been without jurisdiction to render the judgment or to impose the sentence because, he says, the record was silent as to whether his jury was sworn; (3) that he had been improperly sentenced under the Habitual Felony Offender Act; (4) that he had been denied due process of law by the State’s suppression of evidence that he says was favorable to him; and (5) that he had received ineffective assistance of trial and appellate counsel. On March 14, 2000, the State filed a motion for summary disposition of the Rule 32 petition. The circuit court set an evidentiary hearing for August 22, 2000, and appointed counsel to represent Lewis. At the hearing neither the State or Lewis presented evidence; the hearing consisted of a discussion between the court, the prosecutor, and Lewis’s attorney. The circuit court determined that because Lewis had been convicted on March 19, 1997, and did not file his Rule 32 petition until January 30, 2000, all nonjurisdictional claims raised in the petition were barred by the two-year limitations period of Rule 32.2(c), Ala. R.Crim.P. The circuit court further concluded that there was no merit to Lewis’s claims that the court lacked jurisdiction to render the judgment or to impose the sentence and that he was improperly sentenced under the Habitual Offender Act. However, the circuit court’s order denying Lewis’s Rule 32 petition contained no findings of fact. Indeed, the court’s written order consisted of an entry stating that the “Rule 32 [petition] is denied.” This appeal followed.
Lewis’s appointed counsel has filed a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967). Counsel stated that his review of the record revealed that no error had occurred in the trial court’s denial of Lewis’s Rule 32 petition.
This Court issued an order on March 12, 2001, informing Lewis that his counsel had filed an Anders brief, and ordering him to file with the Court any issues he believed to be worthy of review. Lewis filed a pro se brief on April 17, 2001, in which he argued (1) that the circuit court erred in finding that the petition was barred by the two-year limitations period set out in Rule 32.2(c), Ala.R.Crim.P.; and (2) that the circuit court erred in finding that the petition was barred by Rule 32.2(a)(5), Ala. R.Crim.P.
Lewis’s contention that the circuit court erred in finding that his petition was barred by Rule 32.2(a)(5) is without merit. Our review of the record reveals that the circuit court’s summary denial of Lewis’s petition was based on its conclusion that Lewis’s claims either lacked merit or were barred by the two-year limitations period of Rule 32.2(c).
Lewis, however, also contends that the trial court erred in finding that his *733 petition was barred by the two-year limitations period provided in Rule 82.2(c). We agree.
Rule 82.2(c) states, in pertinent part:
“Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala.R.App. P....”
Rule 41(a), Ala.R.App.P., provides that “The certificate of judgment of the court shall issue 18 days after the entry of judgment unless the time is shortened or enlarged by order.” However, Rule 41(b), Ala.R.App.P., provides, in pertinent part:
“The timely filing of a petition for a writ of certiorari in the Supreme Court shall stay the issuance of the certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the Supreme Court. Upon the filing of a copy of an order of the Supreme Court denying the petition for certiorari, the certificate of judgment of the courts of appeals shall issue immediately.”
Although this Court affirmed Lewis’s conviction on November 14, 1997, we did not issue a certificate of judgment until March 20, 1998, the same date the Supreme Court denied Lewis’s petition for certiorari review. This appeal challenges the denial of Lewis’s petition and presents the sole issue whether the trial court improperly denied his Rule 32 petition by applying Rule 32.2 to preclude his claims. Thus, Lewis had until March 20, 2000, to file his Rule 32 petition. Lewis filed his petition on January 30, 2000. Accordingly, his petition was timely.
Based on the foregoing, we remand this cause to the circuit court for that court to enter a new order addressing the merits of Lewis’s claims. See Bland v. State, 673 So.2d 459, 460 (Ala.Crim.App.1994) (remand required where “the order of the trial court does not specify which claims its order of denial encompasses, nor does it make specific findings of fact with regard to each of those claims”). Should the trial court deem it necessary to hold another evidentiary hearing before addressing Lewis’s claims,[1] the circuit court’s return to remand shall include a transcript of those proceedings. Rule 32.9(d), Ala. R.Crim.P., requires that if an evidentiary hearing is conducted on the Rule 32 petition, “[t]he court shall make specific findings of fact relating to each material issue of fact presented.”[2] See also Ex parte Walker, 652 So.2d 198 (Ala.1994); Smith v. State, 665 So.2d 954 (Ala.Crim.App.1994). It appears from the record that the judge who presided over Lewis’s 1997 trial was not the same judge who denied Lewis’s petition. Nevertheless, in making these factual determinations, the circuit court may take judicial notice of the record in Lewis’s 1997 trial. As this Court has stated, “[a] statement of the basis of the [circuit] court’s decision is essential to afford the appellant due process.” Owens v. State, 666 So.2d 31, 32 (Ala.Crim.App.1994).
*734 The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

. The court may take evidence as provided in Rule 32.9(a), Ala.R.Crim.P.

. The court’s order should also include specific findings of fact concerning Lewis’s claims that the trial court lacked jurisdiction to render the judgment or to impose the sentence, see Nix v. State, 819 So.2d 84 (Ala.Crim.App.2001), and that he was improperly sentenced under the Habitual Felony Offender Act.