WISE, Judge.
The appellant, Don Evans Crum, appeals from the circuit court’s denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his guilty-plea convictions in 2003 for three counts of possession of a controlled substance and his resulting sentence of 20 years’ imprisonment on each conviction, split to serve 5 years’ imprisonment followed by 5 years of supervised probation. The sentences were to run concurrently. No direct appeal was taken.
On March 1, 2004, Crum filed the instant Rule 32 petition. In his petition he alleged: (1) that his guilty pleas were not knowingly and voluntarily entered; (2) that his trial counsel rendered ineffective assistance because he failed to determine that the search warrants and affidavits in support of those search warrants were illegal; [1] (3) that his trial counsel rendered ineffective assistance because he failed to suppress the evidence which Crum says was illegally obtained;[2] and (4) that his counsel was ineffective because he failed to challenge the indictments which Crum argues were jurisdietionally deficient in that, he says, they failed to charge a culpable mental state. On April 14, 2004, the State filed a motion to dismiss Crum’s petition and argued that the petition was without merit and was precluded from appellate review. The trial court appointed counsel *35 for Crum and on May 10, 2004, held an evidentiary hearing. On May 3, 2004, the trial court entered an order dismissing Crum’s petition.
On appeal, Crum contends that the trial court erred in denying his Rule 32 petition because, he says, his petition presented claims of ineffective assistance of counsel that were facially meritorious.
We note that initially it appears that Crum is attacking his conviction in cases CC-02-1040, CC-02-3289, and CC-02-1039. However, a review of the record reveals a pleading entitled “Motion to Amend Cover Sheet of Rule 32 Petition Dated 3-1-04.” (R.l 68 & R.2 65.[3]) This motion indicates that Crum was challenging his conviction in case 02-1039 only and that his discussion of cases 02-1040 and 02-3289 was merely factual support for the allegations contained in his Rule 32 petition. It does not appear that the trial court granted this motion, given that the transcript from the evidentiary hearing reflects case action numbers for all three cases.
Rule 32.9(d), Ala. R.Crim. P., requires that the circuit court “make specific findings of fact relating to each material issue of fact presented.” See also Ex parte Walker, 652 So.2d 198 (Ala.1994). Because the trial court failed to make specific findings of fact, we find it necessary to remand this cause to the trial court for that court to enter a new order addressing the merits of Crum’s various claims that his trial counsel was ineffective.
The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J„ and COBB, BASCHAB, and SHAW, JJ„ concur.

. Specifically, Crum alleges (1) that counsel failed to investigate the information concerning the warrant and affidavits and (2) that counsel failed "to recognize ministerial acts by Police to act on their own outside the law.” (R. 46.)

. With regard to this claim, Crum states (1) that counsel failed to investigate Crum’s explanation for the arrests; (2) that counsel was convinced by the district attorney that the State had a solid case against Crum; and (3) that his counsel "sold out Crum to Plea making Alabama’s greatest proof of Guilt.” (R. 46.)

. R.1 refers to Volume 1 of the record on appeal; R.2 refers to Volume 2 of the record on appeal.