Willie Earl Heidelberg appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 2003 guilty-plea convictions for second-degree receiving stolen property, third-degree escape, and seven counts of third-degree burglary, and his resulting sentences of 20 years' imprisonment for each conviction, the sentences to run consecutively.[1]
Heidelberg's convictions and sentences were affirmed on direct appeal in an unpublished memorandum; the certificate of judgment was issued on November 13, 2003. See Heidelberg v.State (CR-02-1171), 897 So.2d 1248 (Ala.Crim.App. 2003).
Heidelberg filed the present petition on October 25, 2004, claiming that his trial *Page 801 
counsel was ineffective for a number of reasons, that his guilty pleas were not knowingly, voluntarily, or intelligently entered, that his convictions were obtained by the use of a coerced confession made without proper Miranda v.Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966), warnings, and that the trial court was without jurisdiction to render the judgments or to impose the sentences because of alleged defects in the complaints and the arrest warrants. The State filed a motion to dismiss the petition on the grounds that the claims were procedurally barred and that Heidelberg had not met his burden of pleading. Heidelberg filed a response to the State's motion to dismiss, in which he took issue with the State's characterization of the petition as challenging only one of his convictions, and reargued the merits of the claims asserted in his petition; Heidelberg further averred that the trial court was without jurisdiction to accept his guilty plea because, he says, he was incompetent when he entered the plea.
The circuit court issued an order summarily denying the petition on February 23, 2005. Heidelberg filed a petition for a writ of mandamus with this Court — docketed as case no. CR-04-1500 — alleging that he had not received notice that his petition had been denied; this Court, by unpublished order, granted Heidelberg's petition and ordered the circuit court to set aside its order denying the Rule 32 petition and to issue a new order from which Heidelberg could then file a timely notice of appeal. The circuit court set aside its original order and, instead of issuing a new order denying the Rule 32 petition, granted Heidelberg an out-of-time appeal. This Court dismissed that appeal, docketed as CR-04-2121, in an order issued on September 6, 2005, on the grounds that the circuit court had exceeded the scope of our order in CR-04-1500; we again instructed the circuit court to issue a new order denying Heidelberg's Rule 32 petition and to give Heidelberg prompt notification so that he could, if he so chose, file a timely notice of appeal. On September 16, 2005, the circuit court complied with our instructions and issued a new order summarily denying Heidelberg's Rule 32 petition. Heidelberg filed a written notice of appeal, and this appeal followed.
Heidelberg argues that the circuit court improperly characterized his Rule 32 petition as challenging only one of his convictions, rather than all of the convictions entered at the guilty-plea proceeding and set out in his Rule 32 petition. Heidelberg also argues that summary denial was improper because he had pleaded sufficient and specific facts showing that he was entitled to relief.
In his Rule 32 petition, Heidelberg asserted that he was attacking his March 14, 2003, convictions in Mobile Circuit Court for seven counts of third-degree burglary, one count of third-degree escape, and one count of second-degree receiving stolen property, and his resulting sentences totaling 180 years in prison.[2] The petition was docketed in circuit court as CC-2002-2545.60, which is the corresponding case number for the second-degree *Page 802 
receiving-stolen-property conviction. In its motion to dismiss, the State summarized the history of Heidelberg's case as follows:
 "January 17, 2003 the Petitioner pleaded guilty to an amended charge of Receiving Stolen Property second degree after being indicted for five counts of third degree burglary and one count of first degree receiving stolen property. His appointed attorney, Habib Yazdi, was present. March 14, 2003 Petitioner was sentenced to 20 years in prison. He appealed. He also moved to withdraw his guilty plea. The court denied the motion. October 27, 2003 the conviction was affirmed on appeal. November 17, 2003 this court received the certificate of affirmance from the Alabama Court of Criminal Appeals."
(C. 28.) Heidelberg filed a response to the State's motion to dismiss, in which he stated:
 "Initially, petitioner objects to the District Attorney['s] attempt to limit the petitioner's petition for relief from conviction and sentence, to only his conviction of receiving stolen property [in the] second degree.
 "Petitioner submits as stated in Number 4 of his petition, he challenges his convictions for third degree burglary (7 counts); third degree escape (1 count), as well as his conviction for receiving stolen property [in the] second degree."
(C. 31.) Heidelberg further referenced multiple convictions and sentences in his response to the State's assertion that his claims were not sufficiently or specifically pleaded. In its original order summarily denying Heidelberg's petition, the circuit court set out the procedural history of the case as follows:
 "January 17, 2003 the Petitioner pleaded guilty to an amended charge of Receiving Stolen Property second degree after being indicted for five counts of third degree burglary and one count of first degree receiving stolen property. His appointed attorney, Habib Yazdi, was present. March 14, 2003 Petitioner was sentenced to 20 years in prison. He appealed. He also moved to withdraw his guilty plea. The court denied the motion. October 27, 2003 the conviction was affirmed on appeal. November 17, 2003 this court received the certificate of affirmance from the Alabama Court of Criminal Appeals."
(C. 36.)
Other than a handwritten notation at the top of the Rule 32 form, all of the pleadings in the circuit court were styled as CC-02-2545.60.[3] Contrary to the State's assertion on appeal, Heidelberg clearly challenged in his response to the State's motion to dismiss the petition the characterization of the petition as challenging only the single conviction. We are aware too that Rule 32.1, Ala.R.Crim.P., provides that "[a] petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice." However, we have reviewed the record from Heidelberg's direct appeal, and it is clear that all nine of the convictions and sentences referenced in Heidelberg's petition, in his response to the State's motion to dismiss, *Page 803 
and in his brief on appeal were entered in a single guilty-plea proceeding.[4] Thus, the prohibition in Rule 32.1 against challenging multiple judgments entered in more than one guilty-plea proceeding is inapplicable. We can find no explanation in the record as to why the petition was considered as apparently challenging a sole conviction and sentence, when the petition itself clearly referenced each of the convictions. Thus, we must remand this case for further action by the circuit court.[5]
Further, it appears that several of the ineffective-assistance-of-counsel grounds raised in the Rule 32 petition were pleaded sufficiently and with specificity as required by Rules 32.3 and 32.6(b), Ala. R.Crim. P. As this Court noted in Boyd v. State, 913 So.2d 1113
(Ala.Crim.App. 2003):
 "`Rule 32.6(b) requires that the petition
itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App. 1999). In other words, it is not the pleading of a conclusion which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So.2d 1370, 1373
(Ala.Crim.App. 1993). It is the allegation of facts in pleading which, if true, entitle a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala.R.Crim.P., to present evidence proving those alleged facts."
913 So.2d at 1125.
Heidelberg asserted, among other things, that he was prejudiced by counsel's alleged failure to investigate the case to learn that a number of the victims could not identify him as being involved in any crime and for not investigating his claim that he was mentally incompetent at the time he entered his pleas.
Contrary to the State's assertion in its motion to dismiss the petition, the ineffective-assistance-of-counsel claims are not precluded by any of the provisions of Rules 32.2(a) or 32.2(d). This is Heidelberg's first Rule 32 petition, and the trial transcript was not prepared in time for Heidelberg to raise the allegations in a timely filed motion to withdraw his guilty plea. Thus, the present petition, Heidelberg's first, which was filed within the, one-year limitations period, represents Heidelberg's first opportunity to challenge his trial counsel's performance.
Additionally, Heidelberg argued in his petition that he was under the influence of mind-altering medication at the time he entered his plea.[6] Further, in his response *Page 804 
to the State's motion to dismiss, Heidelberg averred that he had a history of mental illness and that he was "legally incompetent" at the time he entered his guilty plea. (C. 34.)
In its original order denying the petition on February 23, 2005 — an order that was set aside — the circuit court found that because the case action summary indicated that the trial court had ascertained at the plea proceeding that Heidelberg was aware of his rights, the nature of the offense, and the consequences of his guilty plea, he had "failed to plead a right to relief. Rule 32.7" and that summary denial was proper for failure to state a claim, to plead with specificity, or to raise any issues of material fact or law. (C. 37.) However, even if this order had not been withdrawn, the order does not sufficiently address Heidelberg's allegation that he was incompetent at the time of his plea. Further, in the circuit court's subsequent order issued on September 16, 2005, the order from which this appeal is taken, the circuit court stated only: "Once more into the breach. Pursuant to the Court of Criminal Appeals Order of September 6, 2005, appellant Heidelberg's Rule 32 petition is DENIED. The clerk's office is hereby directed to give Mr. Heidelberg `prompt notification' of this denial so that he may timely file notice of appeal." (C. 38.)
We recognize the heavy caseload under which the trial courts of this State toil, and we are aware that Rule 32 petitions add to that already heavy burden. However, in this case, we are left with a petition that articulated at least some claims that were minimally sufficient grounds to warrant a response, and an order denying the petition without stating any grounds. Further, even if the original order had not been set aside at this Court's direction, we cannot say that that order sufficiently identified which of Heidelberg's claims were insufficiently pleaded and which were due to be dismissed on other grounds, and, further, the grounds of preclusion that were stated for the ineffective-assistance claims were improper. Finally, we are unable to ascertain from the record why the discrepancy exists between Heidelberg's assertion that his petition challenges nine convictions and the State and circuit court's characterization of the offense as a single offense. Thus, it seems that the only course of action is for this Court to remand this cause to the circuit court for that court to vacate its September 16, 2005, order summarily denying the petition.
On remand, the circuit court should either (1) docket the petition as challenging all of the convictions set out in the petition, consider the claims in Heidelberg's petition as they relate to all of his convictions, and issue a new order ruling on Heidelberg's petition; or (2) issue a new order ruling on Heidelberg's petition, explaining why the limitation of the petition to challenging only a single conviction was proper.
In either event, should the circuit court deem it necessary to hold an evidentiary hearing addressing Heidelberg's claims, the court's return to remand shall include a transcript of those proceedings. We note that Rule 32.9(d), Ala.R.Crim.P., requires the trial court to "make specific findings of fact relating to each material issue of fact presented." See alsoEx parte Walker, 652 So.2d 198 (Ala. 1994); andSmith v. State, 665 So.2d 954 (Ala.Crim.App. 1994).
Finally, we note that
 "`if the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a *Page 805 
particular allegation fails to state a claim or to present any material issue of fact or law that would entitle [the petitioner] to relief. In other words, the court's written findings are to address individually each claim not precluded by Rule 32.2.'
 "Harper v. State, 676 So.2d 949, 950
(Ala.Crim.App. 1995), aff'd on return to remand, 698 So.2d 796 (Ala.Crim.App. 1996) (table). Finally, if the court's findings are based on its personal knowledge of [the petitioner's] guilty-plea proceedings, then the order should so state. See Sheats v. State, 556 So.2d 1094, 1095
(Ala.Crim.App. 1989)."
Dedeaux v. State, [Ms. CR-04-0792, Dec. 23, 2005] ___ So.2d ___, ___ (Ala.Crim.App. 2005). These findings should be contained in the circuit court's new order ruling on Heidelberg's petition. The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and SHAW, JJ., concur. BASCHAB, J., concurs in the result.
[1] The trial court case numbers for Heidelberg's convictions are CC-02-2545, CC-02-2546, CC-02-2547, CC-02-2548, CC-02-2549, CC-02-2550, CC-02-2551, CC-02-2552 and CC-02-3456.
[2] This characterization was set out in parts one through four of the Rule 32 form that provides for the petitioner to set out the location of his conviction or convictions, the date of judgment, the length of sentence, and the nature of offense (all counts). Additionally, throughout the attachment to his petition, in which he set out the specific allegations supporting his claims, Heidelberg's claims were presented in terms of multiple victims, multiple complaints, multiple crimes, etc.
[3] There is a handwritten entry in the space provided in the Rule 32 form for the case number. Although it is unclear exactly what that entry provides in total, it appears that the handwritten entry references either two case numbers or a series of case numbers. The entry reads: "CC 02 2545 2551." The entry denoted in the preceding quote consists of either two or three letters; also, the 2545 is written immediately above the 2551, giving rise to the inference that die entry was intended to indicate that the case number was die series of cases commencing with CC-02-2545 and ending with CC-02-2551.
[4] This Court may take judicial notice of its own records. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App. 1992).
[5] We note that none of Heidelberg's claims are unique to any one of his convictions and it might seem a waste of judicial economy to return the petition to the circuit court for further action, because the circuit court's dismissal of the petition as it relates to Heidelberg's conviction in case no. CC-02-2545 is seemingly applicable to any and all of his convictions. However, because it does not appear that the circuit court ever docketed the petition as challenging the remaining convictions, were Heidelberg ever to file a subsequent Rule 32 petition challenging his convictions, this Court would then be faced with the conundrum of holding that petition barred by the prohibition against successive petitions in Rule 32.2(b), Ala.R.Crim.P., because it was the second petition challenging the guilty-plea proceeding; time-barred by Rule 32.2(c); and precluded by Rule 32.2(a)(4), because it was raised in a previous collateral proceeding. Thus, we find it necessary to return the petition to the circuit court to address the remaining convictions.
[6] This contention was raised in the context of an ineffective-assistance-of-counsel challenge and a challenge to the voluntariness of the guilty plea.
* Note from the reporter of decisions: On April 20, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion.