The appellant, Gary Torrence Smith, appeals from the denial of his Rule 32, Ala.R.Crim.P., petition attacking his 1992 conviction for manslaughter and his sentence to life imprisonment.
In his petition the appellant contended: (1) that his arrest was unlawful; (2) that the trial court erred in holding him in contempt and in revoking his bond for appearing in court without an attorney because, he says, that the trial court had determined he was indigent and should have appointed counsel for him; (3) that the trial court committed reversible error in its instructions to the jury; (4) that reversible error was committed as a result of misconduct by the prosecutor during opening and closing statements; (5) that the trial court erred in not advising him of his Fifth Amendment right not to testify; (6) that the trial court erred in failing to advise him of his right to appeal his conviction; (7) that his conviction was obtained by perjured testimony and by fraud perpetrated upon the trial court; (8) that the petit jury was improperly impanelled; (9) that he was improperly sentenced as an habitual offender; (10) that he was improperly sentenced pursuant to the firearm enhancement statute; (11) that his trial counsel was ineffective; and (12) that his appellate counsel was ineffective.
The trial court held an evidentiary hearing to allow the appellant to present evidence and testimony regarding the issues he raised in his petition. In its order the circuit court held that the appellant had received effective assistance of trial counsel, but the circuit court failed to make findings of fact relating to the other issues raised by the appellant in his Rule 32 petition, as required by Rule *Page 955 
32.9(d), Ala.R.Crim.P. Therefore, we must remand this case to the circuit court with instructions that the circuit court make specific findings of fact relating to each material issue of fact presented by the appellant in his Rule 32 petition. Due return shall be made to this Court within 90 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.