The appellant, Roy Wayne Avery, appeals from the circuit court's summary denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P. In that petition, he attacked his 1998 convictions for second-degree kidnapping, first-degree assault, first-degree theft, and second-degree receiving stolen property. Avery pleaded guilty to all of the charges, and was sentenced as a habitual felony offender to 25 years' imprisonment for each conviction, with the sentences to run concurrently. Avery appealed his conviction for first-degree assault and his conviction for second-degree receiving stolen property. Avery also attempted to appeal his convictions for second-degree kidnapping and first-degree theft, but this Court dismissed the appeal from those convictions as untimely. Avery v. State
(CR-98-0419), 744 So.2d 971 (Ala.Crim.App. 1998) (table). We affirmed Avery's convictions for first-degree assault and second-degree receiving stolen property on direct appeal, by an unpublished memorandum. Avery v.State (CR-98-0418), 768 So.2d 1026 (Ala.Crim.App. 1999) (table). The Alabama Supreme Court on December 17, 1999, denied Avery's petition for certiorari review, without an opinion. Ex parte Avery (No. 1981795)780 So.2d 813 (Ala. 1999) (table).
On September 13, 2000, Avery filed a Rule 32 petition, challenging his four convictions. The Rule 32 petition, claimed: 1) that his guilty pleas were involuntary and that he had been incorrectly informed of the minimum sentence he could receive; 2) that the prosecution failed to disclose certain evidence; 3) that the grand and/or petit jury was unconstitutionally impaneled; 4) that his trial counsel and appellate counsel were ineffective; and 5) that he was denied a direct appeal through no fault of his own.
Rule 32.2(a)(4), Ala.R.Crim.P., provides that: "A petitioner will not be given relief under this rule based upon any ground: . . . [w]hich was raised or addressed on appeal or in any previous collateral proceeding." Avery's direct appeal of his convictions for first-degree assault and second-degree receiving stolen property resulted in this Court's holding, in an unpublished memorandum, that his guilty plea was voluntary and that the trial court had correctly advised him of the statutory range of punishment. Avery v. State, supra, 768 So.2d 1026. Therefore, this court will not review, as part of the instant Rule 32 proceeding, Avery's claims that his guilty pleas were involuntary as to these *Page 666 
two convictions and that he was incorrectly informed of the possible sentence range. See Rule 32.2(a)(4), Ala.R.Crim.P.
Avery's argument that the prosecution failed to disclose certain evidence and that the grand and/or petit jury was unconstitutionally impaneled is likewise barred from review by this Court, because these claims could have been, but were not, raised on direct appeal. Rule 32.2(a)(5), Ala.R.Crim.P., provides: "A petitioner will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised on appeal." Therefore, these issues are precluded from review by this Court.
However, as the State acknowledges, Avery's claims of ineffective assistance of trial and appellate counsel, and his claim that he was denied a direct appeal through no fault of his own, may be meritorious on their face. Neither the district attorney nor the trial court directly addressed these arguments. At the time of Avery's convictions, Ex parteIngram, 675 So.2d 863 (Ala. 1996), had been released. Ingram overruled Exparte Jackson, 598 So.2d 895 (Ala. 1992), to the extent that Jackson had allowed a defendant, under certain circumstances, to extend the 30-day time limit for filing a motion for a new trial.
Under Ingram, the proper method for presenting an ineffective assistance of trial counsel claim that could not reasonably be presented in a motion for a new trial is by filing a Rule 32 petition.
 "If the appellant was convicted before the Alabama Supreme Court's decision in Ingram, newly appointed appellate counsel could have presented claims of ineffective assistance of trial counsel in a motion for new trial filed pursuant to Ex parte Jackson, 598 So.2d 895 (Ala. 1992). Those same claims of ineffective assistance of trial counsel could have then been presented on direct appeal. Accordingly, if the appellant was convicted before the decision in Ingram, and the appellant was, in fact, represented by separate appellate counsel, then the allegations of ineffective assistance of trial counsel presented in the Rule 32 petition are precluded from review, because the claims could have been, but were not, raised at trial and on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. If, however, the appellant was convicted after Ingram, the appellant is not necessarily precluded from raising allegations of ineffective assistance of trial counsel in a Rule 32 petition. If the appellant can establish that appellate counsel could not have reasonably asserted all the allegations of ineffective assistance of trial counsel in a timely filed motion for new trial — thereby preserving the claims for review on direct appeal — then the appellant is not precluded from raising ineffective assistance of trial counsel claims in a Rule 32 petition."
Andersch v. State, 716 So.2d 242, 245 (Ala. 1997). "The Rule 32 petition represents the appellant's first opportunity to present [an ineffective assistance of appellate counsel claim] to the circuit court." Aldermanv. State, 647 So.2d 28, 31 (Ala.Crim.App. 1994); Wood v. State,733 So.2d 944, 945 (Ala.Crim.App. 1999). This Court has also held that a postconviction petitioner's allegation that he has been denied a direct appeal through no fault of his own could entitle him to an out-of-time appeal. Parker v. State, 719 So.2d 259, 260 (Ala.Crim.App. 1997); Noblev. State, 708 So.2d 217, 217 (Ala.Crim.App. 1997); Rule 32.1(f), Ala.R.Crim.P.
Avery was convicted August 14, 1998, after the decision in Ex parteIngram was released, but the record does not indicate whether his appellate counsel could have reasonably asserted all allegations of ineffective assistance of counsel in a timely filed motion for a new trial. In fact, Avery claims that the failure to appeal was *Page 667 
through no fault of his own, because, he says, his appellate counsel failed to assist him in filing an appeal. He also claims that the trial court did not appoint appellant counsel until after the time for filing a motion for a new trial had elapsed. Avery's appeal from his convictions for second-degree kidnapping and first-degree theft was dismissed by this Court as untimely. Avery v. State, supra, 744 So.2d 971.
Although some of Avery's allegations are precluded from review, several of his allegations are not, and from the record before this Court, we are unable to assess the merits of Avery's allegations. Accordingly, we must remand this cause to the trial court for that court to enter a new order addressing those claims. The circuit court's order should determine whether Avery could have reasonably raised his ineffective-assistance-of-trial-counsel claim in a motion for a new trial; if the court determines that the allegations could not have been raised in a motion for a new trial, it should address Avery's allegations of ineffective assistance of trial counsel. See Bass v. State,810 So.2d 802 (Ala.Crim.App. 2001). The court's order should also address Avery's allegations of ineffective assistance of appellate counsel. Finally, the court should determine if Avery was denied a direct appeal as to two of his convictions through no fault of his own. On remand, the circuit court may conduct such further proceedings or take such evidence as it deems necessary to make its determination. Should the trial court deem it necessary to hold an evidentiary hearing addressing Avery's claims, the circuit court's return to remand shall include a transcript of those proceedings. Rule 32.9(d), Ala.R.Crim.P., requires the circuit court to "make specific findings of fact relating to each material issue of fact presented." See also Ex parte Walker, 652 So.2d 198 (Ala. 1994); Smith v. State, 665 So.2d 954 (Ala.Crim.App. 1994). In making these factual determinations, the circuit court may take judicial notice of the record from Avery's guilty-plea proceedings. If the court's findings are based on personal knowledge of Avery's case, then the order should so state. See Sheats v. State, 556 So.2d 1094, 1095
(Ala.Crim.App. 1989).
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.