867 So.2d 1150 (2003)
Christopher T. CLAYTON
v.
STATE of Alabama.
CR-01-2493.
Court of Criminal Appeals of Alabama.
April 25, 2003.
Opinion on Return to Remand June 27, 2003.
*1151 Christopher T. Clayton, pro se.
William H. Pryor, Jr., atty. gen., and G. Ward Beeson III, asst. atty. gen., for appellee.
WISE, Judge.
The appellant, Christopher T. Clayton, appeals from the circuit court's denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 2001 guilty-plea conviction for domestic violence in the second degree and his resulting sentence of 20 years' imprisonment. No direct appeal was taken from this conviction.
Clayton filed the instant Rule 32 petition on October 15, 2001, claiming (1) that his guilty plea was involuntary; (2) that his conviction was obtained in violation of his right against self-incrimination; (3) that the State suppressed exculpatory evidence; (4) that his indictment was void; (5) that his due-process rights were violated because he was not informed (a) of the time in which he had to appeal, (b) that appellate counsel could be appointed if he was indigent, and (c) that he would receive a free transcript if he appealed; (6) that his sentence was excessive; (7) that the trial court failed to hold a sentencing hearing; and (8) that he is entitled to an out-of-time appeal. On November 13, 2001, the State filed an answer, claiming that the petition was precluded under Rule 32.2(a)(3) and (a)(5). On June 10, 2002, an evidentiary hearing was held on Clayton's petition. On August 20, 2002, the trial court entered a thorough and well-reasoned order dismissing Clayton's petition. This appeal followed.
Clayton first claims that his guilty plea was involuntary. Specifically, Clayton alleges that his counsel informed him that if he proceeded to trial he would be convicted and be sentenced to 70 years' imprisonment, but that if he pleaded guilty, he would receive a split sentence of 10 years in prison and serve only one year. Clayton contends that counsel explained that he would have to actually serve only a maximum of six months after the application of credit for time served. Lastly, Clayton alleges that he was told that he would be able to serve his time in the county jail. Our review of the record reveals that during the evidentiary hearing, Clayton admitted, during cross-examination, that he understood that his counsel *1152 was only suggesting advice and that he understood he could, in fact, receive a sentence of 20 years' imprisonment. (R. 42, 45.) Additionally, the record contains an Ireland form signed by Clayton, which was referenced to during the guilty-plea colloquy. (R. 17-20, 22-23, 32, 47.) Based on the foregoing, it is clear that this allegation is without merit.
Clayton's claims (2) through (7) above are precluded by Rule 32.2(a)(3), Ala.R.Crim.P., because they could have been raised at trial. Scroggins v. State, 827 So.2d 878, 881 (Ala.Crim.App.2001).
Clayton's argument on appeal regarding ineffective assistance of trial counsel is also precluded because he did not present this claim in his Rule 32 petition. Butler v. State, 781 So.2d 994, 1003 (Ala. Crim.App.2000).
Lastly, Clayton argues that he is entitled to an out-of-time appeal because he asked his attorney to appeal his conviction but that his attorney failed to do so. If the failure to file a timely notice of appeal is through no fault of the appellant, then that appellant is entitled to an out-of-time appeal. Avery v. State, 832 So.2d 664, 666 (Ala.Crim.App.2001); Noble v. State, 708 So.2d 217 (Ala.Crim.App.1997). In its order denying Clayton's petition, the trial court held that the evidence presented did not support this claim. However, the State notes in its brief to this Court "that the only evidence below concerning counsel's relationship with Clayton was Clayton's mother's testimony at the hearing that counsel was appointed to represent her son." (State's brief, p. 11.) Because the record is unclear as to whether trial counsel was still Clayton's attorney of record when he asked him to appeal his case, the State requests that we remand this case to the trial court for clarification. See Rule 24(b)(1), Ala. R.App. P.
Accordingly, we remand this cause to the trial court for it to make written findings as to whether Clayton's appointed trial attorney was still his attorney of record when he asked him to appeal his conviction and the evidence that supported those findings. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of this release.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB and SHAW, JJ., concur. BASCHAB, J., concurs in the result.

On Return to Remand
WISE, Judge.
In his Rule 32, Ala.R.Crim.P., petition, Clayton alleged that he was entitled to an out-of-time appeal because his failure to file a timely appeal was through no fault of his own. On April 25, 2003, this Court remanded this case to the circuit court for that court to make written findings concerning this claim. The circuit court complied with our instructions and on May 23, 2003, filed a written order finding that Clayton's appointed counsel was still serving as his attorney of record when Clayton told counsel he wished to appeal his conviction. Given these facts, the court concluded that the failure to perfect a timely appeal of Clayton's conviction was not his fault. Accordingly, the court requested that this Court reverse the denial of Clayton's petition and remand this cause with directions that the circuit court grant Clayton an out-of-time appeal.
Based on the circuit court's findings, Clayton is due an out-of-time appeal. Accordingly, we reverse the circuit court's judgment and remand this cause to the circuit court with instructions that it grant Clayton leave to file an out-of-time appeal. *1153 We note that the circuit court should also determine whether Clayton is indigent and thus entitled to appointed counsel. See Wright v. State, 845 So.2d 836, 840 (Ala. Crim.App.2002) (opinion on return to remand).
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.