On November 3, 1999, Robert Lee Gardner was convicted of first-degree kidnapping and first-degree robbery. The trial court sentenced him to life imprisonment in both cases, the sentences to run concurrently. On October 20, 2000, the Court of Criminal Appeals affirmed Gardner's convictions and sentences in an unpublished memorandum. Gardner v. State (No. CR-99-0818),820 So.2d 167 (Ala.Crim.App. 2000) (table). That court issued its certificate of judgment on March 23, 2001.
On March 24, 2003, Gardner filed a postconviction petition pursuant to Rule 32, Ala. R.Crim. P., alleging ineffective assistance of trial counsel. After the State responded, the trial court denied Gardner's petition, and he appealed. The Court of Criminal Appeals, in an unpublished memorandum, affirmed the denial on the basis that Gardner's Rule 32 petition was not timely filed. Gardner v. State (No. CR-02-1686, September 19, 2003), 886 So.2d 190 (Ala.Crim.App. 2003) (table). Gardner then petitioned this Court for a writ of certiorari. Because the sole question before this Court is our intent as to the effective date of an amendment to Rule 32, Ala. R.Crim. P., reducing the time in which a defendant can file a postconviction petition, we hereby suspend the provisions of Rule 39(g) and (h), Ala. R.App. P., allowing the respondent to file a brief, and we summarily grant the writ. *Page 691 
On March 22, 2002, this Court issued an order amending Rule 32.2(c), Ala. R.Crim. P., to provide that the limitations period for filing a Rule 32 petition be shortened from two years to one year. The amendment was effective August 1, 2002. On July 1, 2002, we issued the following order:
 "The order of this Court issued on March 22, 2002, amending Rule 32.2, Ala. R.Crim. P., provided that the amendment of Rule 32.2 was effective August 1, 2002. IT IS ORDERED that that effective-date language shall be interpreted to mean that defendants in cases in which the Court of Criminal Appeals issued its certificate of judgment or the time for filing an appeal has lapsed during the period between August 1, 2001, and August 1, 2002, would have one year from August 1, 2002, within which to file a postconviction petition pursuant to Rule 32.2, Ala. R.Crim. P."
The time within which Gardner was required to file his Rule 32 petition began to run on the date the Court of Criminal Appeals issued its certificate of judgment, March 23, 2001, which was the triggering date[1] in this case. In reviewing the denial of Gardner's petition, the Court of Criminal Appeals held that Gardner's ineffective-assistance-of-counsel claim was nonjurisdictional and was precluded because he failed to file his postconviction petition within the one-year limitations period in Rule 32.2(c), as amended effective August 1, 2002. If the Court of Criminal Appeals had applied the two-year limitations period, Gardner's Rule 32 petition, filed on March 24, 2003, would have been timely.[2]
In concluding that Gardner's petition was not timely, the Court of Criminal Appeals apparently construed the effective date of the amendment to Rule 32.2 in a manner that resulted in the limitations period on Gardner's Rule 32.2 petition expiring some four months before the effective date of the amended rule. On March 23, 2002, the date on which a one-year limitations period for Gardner's petition would have expired, Gardner, under the version of Rule 32.2(c) then in effect, had an additional year in which to file his postconviction petition. We decline to hold that Gardner was on notice of a forthcoming change applicable to him by reason of this Court's order of March 22, 2002, advising of a revision to become effective August 1, 2002, thereby necessitating action on his part by either March 23, 2002, or in all events, no later than August 1, 2002.
To clarify the effective date of the amendment to Rule 32.2, this Court has today promulgated a Court Comment to that amendment; the order adopting that comment is attached as an appendix to this opinion. The comment provides, among other things, as follows:
 "1) [T]hat defendants in cases in which the triggering date occurs on or before July 31, 2001, shall have two years from the triggering date within which to file a postconviction petition pursuant to Rule 32, Ala. R.Crim. P."
Because Gardner's triggering date occurred before July 31, 2001, he had two *Page 692 
years from his triggering date in which to file his postconviction petition, and his filing on March 24, 2003, was timely. We therefore reverse the judgment of the Court of Criminal Appeals and remand the cause for further proceedings consistent with this opinion.
WRIT GRANTED; REVERSED AND REMANDED.*
HOUSTON, SEE, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs in part and dissents in part.
[1] Two possible "triggering dates" govern the timeliness of a Rule 32 petition. If a defendant appeals the conviction to the Court of Criminal Appeals, the triggering date is the date that court issues its certificate of judgment. If a defendant does not appeal the conviction, the triggering date is the date upon which the time for filing an appeal expires.
[2] March 23, 2003, was a Sunday; Gardner therefore had until the following business day to file his petition. See Rule 1.3(a), Ala. R.Crim. P.
* Note from the reporter of decisions: On April 16, 2004, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On May 14, 2004, that court denied rehearing, without opinion. On August 13, 2004, the Supreme Court denied certiorari review, without opinion (1031331).