The appellant, Thomas Lee Dedeaux, appeals from the circuit court's denial and dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his September 2001 guilty-plea convictions for burglary in the first degree, rape in the first degree, and sodomy in the first degree, and the resulting sentences of life imprisonment for each conviction. This Court dismissed Dedeaux's appeal from those convictions on March 27, 2002, because it was untimely.Dedeaux v. State (No. CR-01-1343), 854 So.2d 1234
(Ala.Crim.App. 2002) (table). A certificate of judgment was issued that same day.
On July 31, 2003, [1] Dedeaux filed the instant Rule 32 petition, in which he alleged:
 1. That his convictions were obtained by guilty pleas that were unlawfully induced or not made voluntarily with an understanding of the nature of the charges and the consequences of the pleas. Dedeaux also claimed that he would not have pleaded guilty but for several instances of ineffective assistance of his trial counsel.
 2. That his conviction was obtained by use of evidence obtained pursuant to an unconstitutional search and seizure. The basis for this claim was that police officers for the City of Daphne, located in Baldwin County, lacked jurisdiction to conduct a warrantless search of his vehicle while it was parked at his residence in Theodore, located in Mobile County. Additionally, Dedeaux claimed that the officers lacked probable cause to search his vehicle prior to his arrest.
 3. That his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest. The basis for this claim was that Daphne police officers lacked jurisdiction to arrest Dedeaux at his home in Theodore.
 4. That his conviction was obtained by violating his privilege against self-incrimination. *Page 1047 
 5. That his conviction was obtained by violating the protection against double jeopardy. The basis for this claim was Dedeaux's allegation that the indictments returned against him were invalid because "the splitting of the facts or elements . . . to create [multiple offenses violated the prohibition against] Double Jeopardy."
 6. That his conviction was obtained by action of a grand or petit jury that was unconstitutionally selected and impaneled.
 7. That he was denied effective assistance of counsel. Specifically, Dedeaux claimed that his counsel failed to subpoena essential defense witnesses, that counsel disregarded his welfare by advising him to plead guilty, that counsel failed to file a motion in limine to suppress allegedly unlawfully seized evidence, that counsel failed to file a timely notice of appeal, that counsel failed to obtain a requested copy of the transcript and record, and that counsel failed to protect essential evidence — namely, a videotape critical to his defense — resulting in its destruction.
 8. That the trial court was without jurisdiction to render the judgment or to impose the sentence.
 9. That his sentence exceeded the maximum authorized by law or was otherwise not authorized by law.
Finally, Dedeaux sought an out-of-time appeal, based on his claim that his attorney had failed to file a timely notice of appeal after being requested to do so.
On August 12, 2003, the State filed its response, arguing that Dedeaux's claims both were precluded from appellate review and were without merit. On November 6, 2003, the trial court issued an order dismissing all of Dedeaux's claims not related to his various ineffective-assistance-of-counsel claims. The order further stated that all allegations concerning the ineffective-assistance-of-counsel claims would be addressed at an evidentiary hearing scheduled for January 5, 2004. After several continuances, an evidentiary hearing was conducted on October 18, 2004. On December 17, 2004, the trial court entered an order summarily denying Dedeaux's Rule 32 petition. This appeal followed.
On appeal, Dedeaux contends: (1) that the circuit court erred in denying his petition without an evidentiary hearing on some issues and without making detailed factual findings on any of his claims; (2) that he was denied the effective assistance of counsel; (3) that his guilty plea was not entered knowingly and voluntarily; and (4) that the trial court erred in dismissing his claims not related to his ineffective-assistance-of-counsel claims.
Following the evidentiary hearing, the circuit court summarily denied Dedeaux's petition by making the following notation on the case action summary: "Def.'s Petition for Relief under Rule 32 is hereby denied." (C. 3.) The circuit court did not issue specific findings of fact relating to the material issues of fact presented at the evidentiary hearing.
The law and the record before us do not support the circuit court's determination that all of Dedeaux's claims not related to his claims of ineffective assistance of counsel were precluded from review.
Dedeaux's first claim is that his convictions were obtained as the result of guilty pleas that were unlawfully induced or that were not made voluntarily with an understanding of the nature of the charges and the consequences of the pleas.
 "In Cantu v. State, 660 So.2d 1026 (Ala. 1994), the Alabama Supreme Court held that a challenge to the voluntariness of a guilty plea is not precluded in a timely filed Rule 32 petition `even though it was a matter that could have been, but was *Page 1048 
not, raised in the trial court — by a timely objection, a timely motion to withdraw the guilty plea, or a timely motion for a new trial — and then pursued on direct appeal' Baker v. State, 717 So.2d 859, 860 (Ala.Cr.App. 1996)."
Faulkner v. State, 741 So.2d 462, 465
(Ala.Crim.App. 1999). Because the circuit court should not have held that Dedeaux's challenge concerning the voluntariness of his guilty plea was precluded, see Rumpel v. State,847 So.2d 399, 401 (Ala.Crim.App. 2002), remand is necessary for the circuit court to make findings concerning this claim.
Claims 2, 3, 4, and 6 are nonjurisdictional claims that, unless specifically reserved for appellate review, would be waived by the entry of a knowing and voluntary guilty plea. SeeThompson v. State, 680 So.2d 1014, 1018
(Ala.Crim.App. 1996); Prim v. State, 616 So.2d 381, 382
(Ala.Crim.App. 1993). Thus, those claims are precluded by Rule 32.2(a)(3), Ala. R.Crim.P. See Clayton v. State,867 So.2d 1150, 1152 (Ala.Crim.App. 2003). Accordingly, the circuit court correctly denied relief based on those claims.
Dedeaux's claim 5 alleges that the indictments returned against him were invalid because "the splitting of the facts or elements . . . to create [multiple offenses violated the prohibition against] Double Jeopardy." As a result, Dedeaux alleged in claims 8 and 9, the trial court was without jurisdiction to render judgment or to impose sentence and that the three sentences of life imprisonment returned as a result of the alleged fact or element splitting exceeded the maximum authorized by law or was not otherwise authorized by law.
Alabama law prohibits a single crime from being divided into two or more offenses and thereby subjecting a defendant to multiple convictions for the same offense. Ex parteDarby, 516 So.2d 786, 787 (Ala. 1987). However, Alabama law clearly permits multiple punishments for multiple statutory offenses occurring out of the same course of events. When determining whether two offenses constitute the same offense for double-jeopardy purposes, this Court looks to see whether each offense contains an element not contained in the other.United States v. Dixon, 509 U.S. 688, 697,113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (citing Blockburger v. UnitedStates, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). In Ex parte Dawson, 675 So.2d 905 (Ala. 1996), the Alabama Supreme Court held that double jeopardy did not preclude imposition of four separate consecutive life imprisonment sentences for burglary, robbery, rape, and sodomy convictions that arose out of a single continuing transaction in which separate offenses were committed, stating:
 "[T]he United States Supreme Court held that multiple punishments for multiple statutory offenses do not violate the prohibition against double jeopardy where each statutory offense requires proof of an additional fact that the other statutory offenses do not require. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In other words, as long as each statutory offense requires proof of additional facts, the double jeopardy prohibition is not implicated."
675 So.2d at 907. Here, each statutory offense required proof of additional facts not contained in the other offenses. Accordingly, Dedeaux's double-jeopardy claim is without merit. Moreover, absent a double-jeopardy violation, Dedeaux's claims that the trial court lacked jurisdiction to render judgment or to impose sentence and that his sentences exceeded the maximum authorized by law are likewise without merit. Thus, the circuit court correctly denied relief based on these claims. SeeLong v. State, 675 So.2d 532, 533 *Page 1049 
(Ala.Crim.App. 1996) ('"where the judgment of the circuit court denying a petition for post-conviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial'" (quotingSwicegood v. State, 646 So.2d 159, 160
(Ala.Crim.App. 1994))). Accord Whitt v. State,827 So.2d 869, 876 (Ala.Crim.App. 2001); Waddle v. State,784 So.2d 367, 369 n. 2 (Ala.Crim.App. 2000).
Dedeaux's claim that he is entitled to an out-of-time appeal because he asked his attorney to appeal his conviction but his attorney failed to file a timely notice of appeal is likewise not precluded. If the failure to file a timely notice of appeal is through no fault of the appellant's, then the appellant is entitled to an out-of-time appeal. Avery v. State,832 So.2d 664, 666 (Ala.Crim.App. 2001); Noble v. State,708 So.2d 217 (Ala.Crim.App. 1997). This claim was not specifically addressed by the circuit court. However, given that this Court dismissed Dedeaux's direct appeal as untimely, remand is necessary for the circuit court to make findings regarding this claim.
Dedeaux also argues that the circuit court should have made findings of fact on his various allegations of ineffective assistance of counsel. Rule 32.9(d), Ala. R.Crim.P., requires that if an evidentiary hearing is conducted on a Rule 32 petition, "[t]he court shall make specific findings of fact relating to each material issue of fact presented." The attorney general asks this Court to remand this cause for the circuit court to make formal, written findings as to each material issue of fact presented at the evidentiary hearing.
 "Although we recognize that the trial courts of this state labor under a heavy caseload, and that requiring the trial court to prepare an order addressing each of the material allegations presented in the Rule 32 evidentiary hearing only adds to this already heavy burden, we must nonetheless remand this cause to the trial court, with instructions that it enter specific findings of fact `relating to each material issue of fact presented.' Rule 32.9(d), Ala.R.Crim.P. (Emphasis added.) See also, Ex parte Walker, 652 So.2d 198 (Ala. 1994); Smith v. State, 665 So.2d 954
(Ala.Cr.App. 1994); Kolmetz v. State, 649 So.2d 1342 (Ala.Cr.App. 1994). As we have stated, `[a] statement of the basis of the trial court's decision is essential to afford the appellant due process.' Owens v. State, 666 So.2d 31, 32
(Ala.Cr.App. 1994)."
Anglin v. State, 719 So.2d 855, 857 (Ala.Crim.App. 1996).
This case is remanded to the trial court with instructions that the court enter a new order addressing Dedeaux's claims challenging the voluntariness of his guilty plea and the competence of his trial counsel and his request for an out-of-time appeal. In remanding this case, we encourage the trial court to order that a transcript of Dedeaux's guilty-plea hearing be prepared and that a copy of that transcript be included in the court's return to remand. Should the circuit court deem it necessary to hold a second evidentiary hearing addressing Dedeaux's claims, [2] the court's return to remand shall include a transcript of those proceedings. Rule 32.9(d), Ala.R.Crim.P., requires the trial court to "make specific findings of fact relating to each material issue of fact presented." See also Ex parte Walker, 652 So.2d 198
(Ala. 1994); Smith v. State, 665 So.2d 954
(Ala.Crim.App. 1994). However,
 "if the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage *Page 1050 
the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle [the petitioner] to relief. In other words, the court's written findings are to address individually each claim not precluded by Rule 32.2."
Harper v. State, 676 So.2d 949, 950
(Ala.Crim.App. 1995), aff'd on return to remand, 698 So.2d 796
(Ala.Crim.App. 1996) (table). Finally, if the court's findings are based on its personal knowledge of Dedeaux's guilty-plea proceedings, then the order should so state. See Sheats v.State, 556 So.2d 1094, 1095 (Ala.Crim.App. 1989).
The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur. SHAW, J., concurs in the result.
* Note from the reporter of decisions: On May 11, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 8, 2007, that court denied rehearing, without opinion. On July 13, 2007, the Supreme Court denied certiorari review, without opinion (1061364).
[1] Because the certificate of judgment in Dedeaux's case was issued between August 1, 2001, and August 1, 2002, Dedeaux had until August 1, 2003, to file a Rule 32 petition. See Exparte Gardner, 898 So.2d 690, 691 (Ala. 2004).
[2] See Rule 32.9(a), Ala.R.Crim.P.