WELCH, Judge.
 

 Harold Jackson appeals from the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief. The petition challenged Jackson’s April 13, 2006, convictions for unlawful distribution of a controlled substance and unlawful possession of a controlled substance, and his sentences to 10 years’ imprisonment for the distribution charge and 5 years’ imprisonment for the possession charge. Jackson did not appeal from those convictions.
 

 Jackson’s Rule 32 petition was filed on August 29, 2006. In the petition, Jackson claimed that he had been denied the effective assistance of counsel and that his failure to appeal his convictions within the prescribed time was through no fault of his own. The State filed a motion to dismiss, asserting that Jackson’s allegations were not sufficiently specific. The circuit court denied Jackson’s petition based upon the grounds raised in the State’s motion to dismiss.
 

 Jackson contends that at the conclusion of his trial, he relayed to his counsel his desire to appeal his convictions. Jackson’s counsel later informed him that a notice of appeal had been entered. After he communicated with his counsel regarding several issues to be considered on appeal, Jackson was of the belief that his appeal was pending and that an appellate brief was being prepared. According to Jackson, he later learned that an appeal had not been filed. Jackson, acting pro se, then filed an appeal, which this Court denied as untimely. In its motion to dismiss Jackson’s Rule 32 petition, the State did not specifically address Jackson’s claim that his failure to appeal within the prescribed time was through no fault of his own. Likewise, the circuit court failed to address this claim in its order summarily denying Jackson’s petition. Because this claim is sufficiently pleaded under Rule 32.3 and Rule 32.6(b), Ala. R.Crim. P., we must remand this case for the circuit court to address the merits of the claim.
 

 Jackson’s claim that he is entitled to an out-of-time appeal because, although Jackson had asked his attorney to appeal, his attorney failed to file a timely notice of appeal is not precluded. If the failure to file a timely notice of appeal is through no fault of the appellant’s, then the appellant is entitled to an out-of-time appeal.
 
 Avery v. State,
 
 832 So.2d 664, 666 (Ala.Crim.App.2001);
 
 Noble v. State,
 
 708 So.2d 217 (Ala.Crim.App.1997). Given that this Court dismissed Jackson’s direct appeal as untimely, remand is necessary for the circuit court to make findings regarding this claim.
 

 Based on the foregoing, we remand this case to the circuit court to address the merits of Jackson’s claim that his failure to appeal his convictions was through no fault of his own. On remand, the circuit court may conduct an evidentiary hearing or take evidence in the form of written affidavits, depositions, or interrogatories, and it shall issue specific written findings of fact in this regard. If the circuit court determines Jackson is entitled to relief on one or more of these claims, it may grant
 
 *556
 
 whatever relief it deems necessary. Due return shall be filed with this Court no later than 56 days from the date of this opinion. The return to remand shall include the circuit court’s written findings of fact; a transcript of the evidentiary hearing, if any; and any other evidence received or relied on by the court.
 

 REMANDED WITH INSTRUCTIONS.
 

 BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.