WISE, Judge.
 

 The appellant, Reginald Denny Turner, appeals from the circuit court’s denial- of his petition for postconviction relief filed pursuant to Rule 82, Ala.R.Crim.P., in which he attacked his January 31, 2005, guilty plea to sexual abuse in the first degree and his resulting sentence as a habitual felony offender to 20 years’ imprisonment. On June 15, 2005, this Court dismissed Turner’s direct appeal.
 
 Turner v. State
 
 (No. CR-04-1659), 926 So.2d 1097 (Ala.Crim.App.2005) (table).
 

 On July 23, 2004, the Elmore County grand jury issued an indictment charging Reginald Denny Turner with burglary in the second degree (count I), sexual abuse in the first degree (count II), and sexual abuse in the second degree (count III). On October 4, 2005, Turner, pursuant to a plea agreement, pleaded guilty to sexual abuse in the second degree. As part of the plea agreement, counts I and II were dismissed. The circuit court adjudicated Turner guilty of sexual abuse in the second degree and set sentencing for December 16, 2004. At sentencing the State, realizing that sexual abuse in the second degree was not a felony, moved to set aside Turner’s guilty plea and reinstate counts I and II. Turner objected to the State’s motion
 
 *553
 
 to set aside his plea and objected to the reinstatement of counts I and II. The circuit court overruled Turner’s objection, granted the State’s motion to set aside the guilty plea, and reinstated all counts of the indictment. On January 31, 2005, Turner pleaded guilty to sexual abuse in the first degree and was sentenced, as a habitual felony offender, to 20 years’ imprisonment. On April 16, 2005, Turner filed a notice of appeal. Turner’s appeal was dismissed by this Court on June 15, 2005.
 

 On March 30, 2006, Turner filed the instant Rule 32 petition, in which he alleged: (1) that the trial court abused its discretion when it granted the state’s motion to set aside his original guilty plea to second-degree sexual abuse; (2) that he was denied effective assistance of trial and appellate counsel because, he said, counsel failed to preserve his double-jeopardy claim for appeal; and (3) that his sentence exceeds the maximum authorized by law. On June 6, 2006, the State filed its response, arguing that Turner’s claims were without merit. On October 10, 2006, the trial court, after conducting an evidentiary hearing, summarily denied Turner’s petition. This appeal follows.
 

 On appeal Turner reasserts claims (1) and (3) and contends that the trial court abused its discretion when it summarily denied his petition.
 
 [1]
 

 Here, it appears that the trial court conducted an evidentiary hearing and then issued an order denying Turner’s petition without addressing any of his claims. Rule 32.9(d), Ala.R.Crim.P., requires the trial court to “make specific findings of fact relating to each material issue of fact presented.” See also
 
 Ex parte Walker,
 
 652 So.2d 198 (Ala.1994);
 
 Smith v. State,
 
 665 So.2d 954 (Ala.Crim.App.1994). It would be premature for this Court to review Turner’s claims without the circuit court first making specific findings of fact as to Turner’s claims, as required by Rule 32.9(d).
 

 This case is remanded to the trial court with instructions that the court enter a new order that specifically addresses Turner’s claims. The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
 

 REMANDED WITH DIRECTIONS.
 
 *
 

 McMILLAN, SHAW, and WELCH, JJ., concur. BASCHAB, P.J., concurs in the result.
 

 [1]
 

 . Any claim that Turner argued in his petition to the trial court but did not pursue on appeal is deemed to have been abandoned.
 
 Brownlee v. State,
 
 666 So.2d 91, 93 (Ala.Crim.App. 1995).
 

 *
 

 Note from the reporter of decisions: On May 22, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 19, 2009, that court denied rehearing, without opinion. On November 12, 2010, the Supreme Court denied certiorari review, without opinion (1081290).