GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. Robbie R. Eubanks Burnsed (“Burnsed”) appeals the circuit judge’s order that denied her motion for a continuance and motion to set aside the final judgment. Finding error, we reverse the judgment of the circuit court and remand this case for further proceedings consistent with this opinion.
 

 FACTS
 

 ¶2. This appeal is the latest in more than a decade-long dispute over the use and ownership of a seventy-five-foot parcel of property that is located between property owned by Burnsed and property owned by Bill A. Merritt and Jacquilyn Merritt (the “Merritts”). This Court, in
 
 Burnsed v. Merritt,
 
 829 So.2d 716, 722 (¶ 27) (Miss.Ct.App.2002), reversed and remanded the chancellor’s order that divided the disputed property equally between the parties. We concluded that: “The [cjhancellor must either determine that there has been possession by one party or the other, or else determine that the strip has not been sufficiently used to have ever divested the last person who did have record title.”
 
 Id.
 
 The case was remanded for further proceedings.
 

 ¶ 3. The record, however, does not indicate the chancellor ever conducted the “further proceedings” that were ordered. Instead, the Burnsed’s brief reveals that the chancery court action was dismissed, although the reason for the dismissal is not clear. The Merritts’ brief provides no information. Indeed, the case before the Court in this action is a new claim, filed in a different court, dealing with the same dispute.
 

 ¶ 4. On July 27, 2006, the Merritts filed a “Complaint for Private Way” in the Circuit Court of George County, Mississippi. The complaint names as defendants “John Does 1-100.” It asked the circuit court to “determine that [the Merritts] are entitled to a private way as a matter of law and that no damages should be assessed due to the fact that the land they desire to cross is not owned by anyone of public record and that a final judgment be entered granting them a private way.” The complaint was served on the unknown defendants by publication. No defendant was personally served with process.
 

 ¶ 5. Despite the history between the Merritts and Burnsed and the previous litigation, the Merritts did not name Burnsed as a party defendant. Likewise, no summons was issued for personal service on Burnsed.
 

 ¶ 6. On September 6, 2006, Burnsed and her husband, through counsel, entered an appearance in the circuit court action when they filed a “motion for time.” The motion asked for more time to answer the complaint. However, Burnsed never answered the complaint or filed a responsive pleading. The motion contained a certificate of service that indicated a copy was served on the Merritts’ counsel.
 

 ¶ 7. On September 14, 2006, counsel for the Merritts filed a notice of trial setting for November 2, 2006. This notice did not include a certificate of service showing Burnsed’s counsel was served a copy of this notice.
 

 ¶ 8. On October 27, 2006, Burnsed filed a motion to transfer. The motion asked the circuit court to transfer this action to the Chancery Court of George County. Ac
 
 *658
 
 companying the motion, Burnsed provided a copy of a complaint that was filed on October 27, 2006, in a separate action, by Burnsed against the Merritts in the Chancery Court of George County, Cause No. 2006-0324RF. The motion contained a certificate of service that indicated the Merritts’ counsel was served a copy of this motion.
 

 ¶ 9. On January 12, 2007, counsel for the Merritts filed a notice of trial setting for January 25, 2007. The notice did not contain a certificate of service that indicated Burnsed’s counsel was served a copy of this notice.
 

 ¶ 10. On January 23, 2007, the court entered an order setting the matter for jury trial on April 17, 2007. The order does not indicate that Burnsed’s counsel was served a copy of this order.
 

 ¶ 11. On April 20, 2007, counsel for the Merritts filed a notice of trial setting for July 31, 2007. The notice did not contain a certificate of service that indicated Burnsed’s counsel was served a copy of this notice.
 

 ¶ 12. On July 27, 2007, the Merritts filed a motion for a judgment on the pleadings. The motion provided that “process has been had by publication and no response has been filed and that the [Mer-ritts] were entitled to a judgment on the pleadings.” The motion did not contain a certificate of service that indicated Burnsed’s counsel was served a copy of this motion.
 

 ¶ 13. On August 2, 2007, the circuit court entered a judgment that granted the motion for a judgment on the pleadings. The judgment granted the Merritts a private way and easement.
 

 f 14. On August 31, 2007, Burnsed’s counsel filed a Rule 60 motion to set aside the July 31 judgment. The motion argued that the earlier judgment should be set aside because the Merritts did not provide Burnsed proper notice, and there was a pending motion to transfer the present circuit court action to the Chancery Court of George County. The Rule 60 motion contained a certificate of service showing the Merritts’ counsel was served a copy of this motion. The motion did not contain a notice of hearing.
 

 ¶ 15. On September 11, 2007, the Mer-ritts’ counsel filed an answer to the motion to set aside the judgment. The answer denied the allegations of the motion and indicated that the chancery court action was dismissed without decision and that a subsequent chancery court action filed by Burnsed was stale for lack of process. The motion contained a certificate of service that indicated Burnsed’s counsel was served a copy of this answer.
 

 ¶ 16. On September 11, 2007, counsel for the Merritts filed a notice of trial setting for September 20, 2007. The notice did not contain a certificate of service that indicated Burnsed’s counsel was served a copy of this notice.
 

 ¶ 17. On September 20, 2007, the court executed an agreed order that stated that this “cause is set for trial on October 23, 2007.... ” The order is signed by counsel for the Merritts and Burnsed.
 

 ¶ 18. On February 11, 2008, counsel for the Merritts filed a notice of trial setting for April 3, 2008. The notice did not contain a certificate of service that indicated Burnsed’s counsel was served a copy of this notice.
 

 ¶ 19. On April 2, 2008, counsel for Burnsed filed a motion for continuance. In the motion, Burnsed claimed that her spouse had significant medical problems and asked for a continuance of the April 3, 2008, setting.
 

 ¶ 20. On May 16, 2008, counsel for the Merritts filed a notice of trial setting for
 
 *659
 
 June 26, 2008. The notice did not contain a certificate of service that indicated Burnsed’s counsel was served a copy of this notice.
 

 ¶21. On September 16, 2008, counsel for the Merritts filed a notice of trial setting for October 20, 2008. The notice did not contain a certificate of service that indicated Burnsed’s counsel was served a copy of this notice.
 

 ¶ 22. On October 17, 2008, counsel for Burnsed served a motion for continuance. In the motion, Burnsed claimed that her spouse had a continuing nursing education class scheduled and asked for a continuance of the October 20, 2008, setting. The motion was noticed for hearing on October 20, 2008.
 

 ¶ 23. On October 21, 2008, the circuit court entered an agreed “Reset Order” that reset the trial for October 31, 2008.
 

 ¶ 24. On November 6, 2008, both counsel signed a “Reset Order” that reset the trial for November 21, 2008. Then again on November 6, both counsel signed a “Reset Order” that reset the trial for November 24, 2008. There was no order or notice setting the case for trial or hearing on December 4, 2008.
 

 ¶ 25. On December 3, 2008, counsel for Burnsed filed a motion for continuance. In the motion, Burnsed claimed that she had pneumonia and could not attend the hearing set for December 4, 2008. The motion was noticed for hearing on December 4, 2008. Burnsed attached copies of x-rays and an affidavit of her treating physician that stated Burnsed could not attend the December 4, 2008, court date.
 

 ¶ 26. On December 4, 2008, counsel for both parties appeared before the circuit judge. According to the transcript, the discussion centered on what exactly was set to be heard. Burnsed’s counsel claimed that only her motion for continuance was noticed for hearing. The Mer-ritts’ counsel argued that this case “has been continued so many times and it seems at every point, that at the last minute, they come in with a continuance.... Mr. and Mrs. Merritt have been here hpn-dreds of times. We believe this case should come to a timely end.... But we can’t agree to a continuance any more.” The circuit court then stated: “Well, I think the state of this file at this time, some finality needs to be completed here. So, the Motion to Continue is denied. Motion to Set Aside the Judgment is denied. Prepare me an Order for today[,] and we’ll take it from there.” The record reveals that there was no argument on the motions or evidence presented. The record also reveals that the case was not called for trial. The same day, the circuit judge entered an order that overruled the motion for a continuance and the motion to set aside the final judgment. Burnsed now appeals.
 

 ANALYSIS
 

 1. Whether the circuit judge erred in overruling Bumsed’s motion for continuance.
 

 ¶ 27. The first issue raised by Burnsed is that the circuit judge committed reversible error in overruling the motion for continuance. Burnsed’s motion argued that she had pneumonia, and she was unable to attend on December 4th to provide testimony. The motion included an affidavit from her treating physician and copies of x-rays.
 

 ¶28. “[T]he grant or denial of a continuance rests within the sound discretion of the trial judge [and the appellate court] will not reverse in such cases unless convinced that the trial judge has abused his discretion and unless we are satisfied that an injustice has resulted therefrom.”
 
 *660
 

 Bay Springs Forest Prods. v. Wade,
 
 435 So.2d 690, 692 (Miss.1983).
 

 ¶ 29. Burnsed’s motion appeared to present a compelling argument to allow a continuance. It is not clear exactly why the circuit judge did not grant a continuance based on Burnsed’s medical condition. Rather, from the transcript of the December 4th hearing, it appears that the circuit judge gave little, if any, consideration to Burnsed’s condition or her inability to appear before the court on December 4th. Nevertheless, it is not necessary for this Court to determine if the circuit court’s decision to overrule the motion for continuance was an abuse of the circuit court’s discretion because we find reversible error in the second issue. Hence, the review of this issue is moot.
 

 2. Whether the circuit judge erred in overruling Bumsed’s motion to set aside the final judgment.
 

 ¶ 80. Burnsed’s motion to set aside the final judgment claimed that she did not receive proper notice of the Merritts’ motion for a judgment on the pleadings. According to the record, her contention appears to have merit. On appeal, she makes yet another claim that she did not have proper notice before the court ruled on her motion to set aside the final judgment. Again, based on our review of the record, her contention appears to have merit. Under this issue, we examine three areas of concern.
 

 ¶ 31. First, the real issue in the motion to set aside the judgment is whether the circuit court acquired jurisdiction over Burnsed. This issue has not been considered by the circuit court and will not be decided by this Court. The circuit court must determine whether the Mer-ritts could obtain jurisdiction over a known defendant by publication under Rule 4 of the Mississippi Rules of Civil Procedure.
 

 ¶ 32. The Merritts commenced this action after many years of litigation over the same dispute. Indeed, the Merritts and Burnsed had previously litigated this dispute through trial and appeal. This Court ordered the case returned to the chancery court for further proceedings. Instead, the Merritts continued this dispute in a separate court by filing another complaint. The complaint neither named Burnsed as a party defendant nor served Burnsed with a summons and complaint. The complaint named as defendants “John Does 1-100,” although they knew or should have known Burnsed would be one of those John Does. The complaint was served by publication under Rule 4(e)(4) of the Mississippi Rules of Civil Procedure. The question remains whether the judgment is void for lack of personal jurisdiction. If service was improper, this would be a proper ground for the court to set aside the judgment under Rule 60(b)(4) of the Mississippi Rules of Civil Procedure.
 

 ¶ 33. The second question is whether Burnsed was entitled to notice of the Merritts’ motion for a judgment on the pleadings. Certainly, Burnsed entered an appearance in this case, which entitled her, or at least her attorney, to notice of the pleadings that were filed and the hearings that were set. The Merritts’ complaint was filed on July 27, 2006. On September 6, 2006, Burnsed, through counsel, filed a motion for time. Burnsed’s motion, while not an answer or responsive pleading under Rule 12 of the Mississippi Rules of Civil Procedure, was sufficient to enter an appearance and entitle Burnsed to receive notice of pleadings filed under Rule 5(a). M.R.C.P. 5(a).
 

 ¶ 34. If the Merritts had sought a default judgment under Rule 55 of the Mississippi Rules of Civil Procedure, the Mer-ritts would have been required to provide
 
 *661
 
 Burnsed a minimum of three days’ notice before a default judgment could be entered. Likewise, Burnsed was entitled to notice of the Merritts’ motion for a judgment on the pleadings.
 

 ¶ 35. The Merritts’ brief argues that “even though [Burnsed] was in the case by the filing of her motion for time, she never filed any pleadings and was not present when the court entered its judgment on August 2, 2007.” Burnsed’s failure to file any additional pleadings does not reheve the Merritts’ obligation to provide her with notice of the motion for judgment on the pleadings. Indeed, the record does not indicate that the Merritts’ attorney served Burnsed with proper notice of the motion for a judgment on the pleadings or the hearing that was set and resulted in the August 2nd judgment. The motion does not include a notice of hearing and a certificate of service, which would indicate that a copy of the motion and notice of hearing was served to Burnsed’s counsel.
 

 ¶ 36. The result of the failure to provide notice of the motion for a judgment on the pleadings is that any judgment obtained without proper notice would be a proper ground to set aside the judgment obtained. This too would be a proper ground for the court to set aside the judgment under Rule 60(b)(1) of the Mississippi Rules of Civil Procedure.
 

 ¶ 37. Finally, both of the prior concerns are now coupled with the fact that the transcript does not indicate that there was proper notice for the December 4th hearing wherein the trial court overruled the motion to set aside the final judgment.
 

 ¶ 38. We must examine exactly what was set to be heard on December 4th. The record clearly indicates that Merritts’ counsel set this case for “trial” many times, and for some reason, the “trial” settings were continued. Yet, the record does not contain a setting for December 4th. Thus, the question is what was set to be tried or heard on December 4th.
 

 ¶ 39. The record is clear that prior to December 4, 2008, a final judgment had been entered that granted the Merritts’ motion for a judgment on the pleadings. The only possible matter to be considered was Burnsed’s motion to set aside the judgment. We find no indication that either Burnsed or the Merritts had set this matter for hearing that day. Rule 6(d) of the Mississippi Rules of Civil Procedure requires that a party is entitled to five days’ notice of a hearing on a written motion. This rule also presupposes that once a hearing is scheduled, the parties will have an opportunity to appear and argue the motions that were noticed.
 

 ¶ 40. The record does not reveal that the case was called for trial on December 4, 2008. Arguments were not presented, and no evidence was offered. In fact, the transcript is more of a discussion of exactly what matters, i.e. motions, the attorneys believed were set to be heard that day. As soon as both parties announced what they thought was set to be heard, the circuit judge announced his decision to overrule the motions.
 

 ¶ 41. The record does not indicate that the circuit judge actually considered Burnsed’s motion to set aside the final judgment. Neither attorney discussed nor argued the motion to set aside the final judgment. The circuit court did not consider whether it should set aside the final judgment because the Merritts did not provide Burnsed notice that the motion would be set for hearing and considered by the court. Further, the circuit court did not consider whether the judgment should be set aside because the Merritts failed to name Burnsed as a party defendant and personally serve Burnsed a summons and complaint under Rule 4.
 

 
 *662
 
 ¶ 42. The standard of review when the trial court denies relief under Rule 60 of the Mississippi Rules of Civil Procedure is abuse of discretion.
 
 R.N. Turnbow Oil Invs. v. McIntosh,
 
 873 So.2d 960, 963 (¶ 12) (Miss.2004). When this Court considers a matter under an abuse-of-discretion standard, we must first determine whether the trial court applied the correct legal standard.
 
 Burkett v. Burkett,
 
 537 So.2d 443, 446 (Miss.1989). “If so, we then consider whether the decision was one of those several reasonable ones which could have been made.”
 
 Id.
 
 This Court must affirm the trial court unless there is a “definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.”
 
 Cooper v. State Farm Fire & Cas. Co.,
 
 568 So.2d 687, 692 (Miss.1990) (citation omitted).
 

 ¶ 43. Here, we have such a firm conviction that the circuit court committed a clear error in failing to require the proper notice for the motions. Accordingly, we reverse the circuit court’s judgment dated December 4, 2008, and we remand this case for further proceedings consistent with this opinion.
 

 ¶ 44. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.