PER CURIAM.
 

 The appellant, Kevin George Vines, appeals the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P.
 

 In 2008, Vines was convicted of three counts of rape in the first degree and was sentenced to concurrent terms of 15 years imprisonment. He appealed to this Court. We dismissed his appeal, without an opinion, after finding that the notice of appeal was not timely filed.
 
 See Vines v. State,
 
 38 So.3d 658 (Ala.Crim.App.2008) (table). This Court issued the certificate of judgment on December 23, 2008.
 

 On July 30, 2009, Vines filed a Rule 32 petition for postconviction relief. He asserted two grounds for relief. The circuit court denied the petition; this appeal followed.
 

 I.
 

 Vines first argues that newly discovered material facts exist that require that his convictions be vacated. Attached to his Rule 32 petition was an affidavit executed by Keisha Green, which states the following:
 

 “I have known [K.C.] for twelve years and she would speak freely to me. Approximately six to nine months ago [K.C.] was playing with a friend of mine at a neighbor’s house. On this occasion [K.C.] confided in me that she and Kevin Vines never had sex and that the allegations leading to his conviction were untrue. When I asked why she testified untruthfully against Kevin Vines, [K.C.] told me that her mother, [M.M.], told her to do this because of jealousy of Kevin Vines being with another girl.”
 

 (C. 17.) Attached to the State’s motion to dismiss Vines’s Rule 32 was an affidavit executed by K.C. The affidavit stated, in pertinent part:
 

 “I, [K.C.] gave testimony in cases styled
 
 The State of Alabama v. Kevin George Vines,
 
 CC 2005-503, 504, 505 ... in March 2008. The testimony I gave in that case was true and accurate.
 

 “I know a person by the name of Keisha Green. I have never had a conversation with Keisha Green where I stated that the testimony I gave during the trial in March 2008 was untrue.”
 

 (C. 39.)
 

 When denying Vines’s requested relief the circuit court stated:
 

 “The purported newly discovered evidence in this case does not establish that [Vines] is innocent of these crimes as required by the rule. At its absolute best, this evidence is impeachment evidence, which goes to the credibility of the witnesses and is for the jury to evaluate. Nothing about this alleged recantation establishes [Vines’s] innocence. It is common for child victims to recant, especially when a parent or custodian is involved, and it generally says nothing about whether or not the events actually took place. Additionally, it bears repeating that in this case the child victim has not been shown to have recanted. Just as [Vines] maintained his innocence, the child victim maintains that she was raped on multiple occasions by
 
 *100
 
 [Vines]. The jury believed the child victim. No new evidence exists that compels this Court to question that determination.”
 

 The circuit court correctly found that the evidence was merely impeachment evidence that did not meet the definition of newly discovered evidence in Rule 32.1(e), Ala. R.Crim. P.
 
 [1]
 

 See Ex parte Frazier,
 
 562 So.2d 560 (Ala.1989).
 

 II.
 

 Vines also argues that he is entitled to an out-of-time appeal because, he says, the failure to file a timely notice of appeal was through no fault of his own.
 
 See
 
 Rule 82.1(f), Ala. R.Crim. P.
 
 [2]
 

 When denying relief on this claim the circuit court found that the claim had “already been litigated to the Alabama Court of Criminal Appeals and decided against this petitioner.” (C. 42.)
 

 Vines asserted the following in his Rule 32 petition:
 

 “It has been established by the Court of Criminal Appeals that petitioner failed to appeal with the prescribed time as contemplated by Rule 32.1. It would further appear clear that this failure was of no fault of the petitioner. Petitioner was represented at all times by appointed counsel.... There is no indication that the failure to file the notice of appeal was through any fault of the petitioner.”
 

 (C. 21-22.)
 

 Contrary to the findings of the circuit court, this Court’s records reveal that we dismissed Vines’s direct appeal because his notice of appeal was untimely filed. Specifically, we found that Vines’s motion for a new trial was not continued in compliance with Rule 24.4, Ala. R.Crim. P., before the expiration of the 60th day; therefore, Vines’s notice of appeal, filed by his attorney, was untimely.
 

 Vines’s claim that his direct appeal was dismissed through no fault of his was not refuted by the State nor addressed by the circuit court. “When the State does not respond to a petitioner’s allegations, the unrefuted statement of facts must be taken as true.”
 
 Smith v. State,
 
 581 So.2d 1283, 1284 (Ala.Crim.App.1991). As we stated in
 
 Dedeaux v. State,
 
 976 So.2d 1045 (Ala.Crim.App.2005):
 

 “If the failure to file a timely notice of appeal is through no fault of the appellant’s, then the appellant is entitled to an out-of-time appeal.
 
 Avery v. State,
 
 832 So.2d 664, 666 (Ala.Crim.App.2001);
 
 Noble v. State,
 
 708 So.2d 217 (Ala.Crim.App.1997). This claim was not specifically addressed by the circuit court. However, given that this Court dis
 
 *101
 
 missed Dedeaux’s direct appeal as untimely, remand is necessary for the circuit court to make findings regarding this claim.”
 

 976 So.2d at 1049. Vines’s claim regarding an out-of-time appeal, if true, entitles him to relief.
 

 Accordingly, this case is remanded for the circuit court to make findings of fact as to whether Vines is entitled to an out-of-time appeal because, through no fault of his own, his direct appeal was dismissed as untimely. The circuit court may grant whatever relief it deems necessary. Due return should be filed in this court within 54 days of the date of this opinion.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 

 WISE, P.J., and WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . "(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:
 

 "(1) The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;
 

 "(2) The facts are not merely cumulative to other facts that were known;
 

 "(3) The facts do not merely amount to impeachment evidence;
 

 "(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and
 

 "(5) The facts establish that petitioner is innocent of the crime for which the petitioner was convicted or should not have received the sentence that petitioner received.”
 

 [2]
 

 . Rule 32.1(f) states, in pertinent part: "The petitioner failed to appeal within the prescribed time from the conviction or sentence itself ... and that failure was without fault on the petitioner’s part.”